No. 2547.—CELESTE J. UMRICH v. ROSETTE E. GROW.

. The only question that can be examined on an appeal from an order of seizure and sale is: had the judge *a quo* sufficient authentic evidence before him to authorize the issuing of the writ. Costs incurred in protesting a mortgage note are regulated by law, and must be taxed as such by the court that issues the order of seizure and sale, and authentic evidence of such costs is not therefore essential.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. Miles Taylor* and *James Brewer*, for plaintiff and appellee. *John A. Grow*, for defendant and appellant.

HOWELL, J. This is an appeal from an order of seizure and sale, and the appellant makes the following assignment of errors:

*First*—There was no authentic evidence before the judge *a quo* that the plaintiff had complied with the stipulation in the act of sale and mortgage, to have certain judicial mortgages inferior to the one under which the property was sold to defendant, erased " according to law before the maturity of the first note given for the price and before the payment of the same."

*Second*—There was no authentic evidence to prove the notarial fee for the protest (three dollars and seventy-five cents) and the cost of the copy of the act of sale and mortgage (five dollars).

*First*—The first ground of error is one which should be made the basis of another form of action and the merits of which can not be examined on this appeal. It is so well settled as to need no reference to authority, that the only question which can be examined on an appeal from an order of seizure and sale, is whether or not the judge had sufficient authentic evidence before him to issue the writ. By the law, the notarial act importing a confession of judgment, together with the note, where one is described in and identified with it, is sufficient. To require authentic evidence of the erasure of a judicial mortgage might deprive the creditor altogether of the right to the executory process; and if it should be true that the judicial mortgages in this instance have not been erased as contended, although defendant has paid nearly the half of its original amount, she is provided with a remedy. The note, on its face, is due.

*Second*—As to the costs objected to, they are regulated by law and declared to be costs of suit, and must be taxed as costs by the court in the same manner as other costs allowed by the court. Acts 1855, p. 163, §§ 4, 11, 13 and 19; R. S., §§ 750, 770.

Judgment affirmed.

Rehearing refused.