ROGERS, J.
 

 This is a summary proceeding for adjusting and taxing costs in accordance with the decree of this court rendered on October 5, 1926, in the consolidated cases of Beattie et al. v. Dimitry et al. and Schneidau v. Beattie et al. See 162 La. 571, 110 So. 759. The plaintiffs are the three attorneys for the heirs of Mrs. Marion Beattie, and the defendants and reconveners are Charles Schneidau and the heirs of Mrs. Florence A. Toombs. Plaintiffs claim as the subrogees and assignees of their clients. Defendants resist their claim on the ground that they acquired no' enforceable rights from Mrs.
 
 *84
 
 .Marion Beattie and her heirs, who were attempting to perpetuate a fraud, in which attempt they were unsuccessful. The court 'below held the defense to be untenable, and rendered judgment against the defendants, in solido, in the sum of $2,025.82 and a further judgment against the defendant Schneidau in the sum of $1,695.34, as the excess of costs due to plaintiffs. The appeal-is by the defendants from this judgment.
 

 Plaintiffs’ demand as subrogees is based on their contracts with Mrs. Beattie and her heirs under which they agreed to advance, and did advance, on their behalf all costs .of the litigation. We do not deem it necessary to pass upon the merit of this demand, because we think plaintiffs’ demand as assignees is well-founded. This demand is based on assignments legally executed by the heirs of Mrs. Marion Beattie, wherein they transferred to plaintiffs all their rights and interests in the judgment for costs. The defense that plaintiffs acquired no rights from their assignors, because the latter, having been unsuccessful in their suit to maintain the genuineness of the will of Mrs. Florence A. Toombs, had no rights to assign, cannot prevail. That question has been foreclosed by the decree of this court apportioning the costs equally between the plaintiffs and the ■defendants in that particular litigation. The plaintiffs in that suit clearly had the right -to assign their interest in the judgment to the plaintiffs in this proceeding.
 

 In addition to apportioning the costs of the consolidated suits equally between the plaintiffs and the defendants, this court, in its decree, taxed the plaintiff in Schneidau v. Beattie et al. with the costs of that suit, and further ordered that the appellees (defendants) pay the costs of the appeal.
 

 The court below found the taxable costs to amount to $5,001.60 for the district court and $410.46 for the appeal. This was an error to the extent of $20.15 charged plaintiffs ‘by the stenographers for a copy of -the testimony of Mr. B. O. Farrar, one of defendants’ experts. The copy Of 'the testimony was for the private use of the plaintiffs, and the stenographers’ charge therefor is not taxable as costs of the suit. Therefore the amount of costs of the district court to be apportioned between the litigants is $4,980.85. -
 

 The judge of the district court estimated, roughly, that one-eighth of the fees of ‘the jury and stenographers was not chargeablfe to case No. 37694, Schneidau v. Beattie, but to case No. 37509, Beattie v. Dimitry. To this percentage he added the amount of the clerk’s costs prior to the consolidation and also one-half of the remainder of the costs which he assessed against the latter suit, one-half of the aggregate to be paid by the Beat-tie heirs and the other one-half to be paid by Schneidau and the heirs of Mrs. Toombs. He assessed against Schneidau individually one-half of the amount of costs remaining after the allowance of one-eighth of tbe fees of the jury and stenographers and the clerks costs prior to consolidation, as being due by him in his suit against the heirs of Mrs! Beattie. The district judge also held that the costs of the appeal were due by'Schneidau and the heirs of Mrs. Toombs, in solido. After allqwing the parties various credits, he rendered judgment against the defendants in the amounts hereinbefore mentioned.
 

 It is a difficult matter to properly adjust the costs of this protracted and complicated litigation. Our examination ;of , the record, however, has led us to a somewhat different conclusion from the one reached by the district judge. As we pointed out in our original opinion (162 La.; at page 584, 110 So. 764), the validity of the will ‘of Mrs. Toombs was the primary issue in the consolidated cases-'; and, as stated by the district judge, “the testimony taken in the case involved this question (the validity of the will) either directly or indirectly throughout the trial.!’- The evi
 
 *86
 
 donee adduced in 'this proceeding supports these findings of the courts. It shows that Schneidau waived any defense, and that more than 90 per cent, of the time occupied in the trial of the consolidated cases was devoted to the case of Beattie v. Dimitry, in hearing witnesses on the two questions, whether the will was in the handwriting of Mrs. Toombs and whether her physical condition was such as enabled her to write the instrument. In these circumstances, and in the absence of any definite showing in the record of the costs expended in the case of Schneidau v. Beattie, our conclusion is that all the costs ■should be borne by the case of Beattie v. Dimitry and; in accordance with our original decree, divided equally, as to the costs of the district court, between the plaintiffs and the defendants; the costs of appeal to be paid by the defendants.
 

 In addition to erroneously allowing plaintiffs credit for $20.75 paid by them for a copy of the testimony of Mr. Farrar, the court below allowed plaintiffs a credit for an item ■of $67.55 apparently paid by defendants as stenographers’ fees. This error must be corrected.
 

 AVe find the aggregate of the taxable costs to be as follows, viz. costs of the district court, $4,9S0.S5, and the costs of appeal, $410.46. '
 

 AVe find, further, that Charles Schneidau was only a nominal party to the litigación, and, according to the admission and prayer of the heirs of Mrs. Toombs in the record now before us, any costs for which he might be technically responsible should be charged to them.
 

 Proceeding to assess the costs in accordance with our findings, the heirs of Mrs. Beattie are liable for, and must be taxed for, one-half of $4,980.85,■ say 'for $2,490.43; and the heirs of Mrs. Toombs are liable for, and ¡must be taxed for, one-half of $.4,980.85, say $2,490.42, plus the costs of appeal, $410.46, say a total of $2,900.88.
 

 The heirs of Toombs are entitled to the following credits, viz.:
 

 Depositions ..................................... $ 50 00
 

 Photostats ......................................
 
 44
 
 50
 

 Stenographers' fees ............................ 67 55
 

 Farrar, expert ................................. 150 00
 

 Spencer ......................................... 50 00
 

 Total ........................................ $362 05
 

 Therefore the amount of costs due and unpaid by the heirs of Toombs is the difference between $2,900.88 and $362.05, say the sum ■of $2,538.83.
 

 The heirs of Beattie are entitled to the following credits, viz.:
 

 Clerk’s costs .................................. $ 229 00
 

 Stenographers’ tees .......................... 2,082 05
 

 Depositions ................................... 21 50
 

 Photostats .................................'... 38 50
 

 Costs of appeal...................,............. 410 46
 

 Total ...................................... $2,781 51
 

 Therefore they have overpaid the difference between $2,781.51 • and • $2,490.43, say $291.08, for which amount they are entitled to reimbursement.
 

 For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that the costs of these consolidated suits be fixed and taxed at $4,980.85 for the district court and $410.46 for the appellate .court; it is further ordered that of .said amount the heirs of Mrs. Marion Beattie, plaintiffs, be charged and taxed with the sum of $2,490.43, subject.to a credit of $2,781.51, leaving a balance in their favor .of $291.08 to be returned to their assignees, Clifton'.F. Davis, Joseph H. Levy, and A. J. Murff, plaintiffs in rule; it is further ordered that of said amount the heirs of Mrs. Florence A. Toombs be charged and taxed with the sum of $2,900.88, subject to a credit of,$362.05, leaving a balance due and owing by.them of $2,538.83; it is further, ordered, that - th.e
 
 *88
 
 aforesaid heirs of Mrs. Florence A. Toombs pay said amount of $2,538.83 into the bands of the clerk of the first district court for the parish of Caddo to be distributed by him in payment of the balance due on his fees (approximately $69), the experts ($140); and witnesses ($124) who are unpaid, the parish of Caddo the amount (approximately $1,900) advanced by it in payment of the jurors, and $291.08 to the plaintiffs in rule, Clifton F. Davis, 'Joseph H. Levy, and A. J. Murff, the costs of this proceeding to be borne equally by the heirs of Mrs. Marion Beattie, through her aforesaid assignees, Davis, Levy, and Murff, and the heirs of Mrs. Florence A. Toombs.