McBRIDE, Judge.
Plaintiffs, who unsuccessfully sought by rule to have two items taxed against defendants as court costs, appealed from the judgment. They are (1) $35 paid for copy of discovery depositions of the plaintiff and daughter taken by defendants, and (2) $3 expended for copy of the police report of the accident.
The copy of depositions was furnished by the officer taking same as per LSA-C.C.P. art. 1456 and was obtained by counsel so they would have a record of the statements of plaintiff and her daughter; the copy was not introduced into evidence nor otherwise used at the trial. The above mentioned codal provisions do not contemplate that the charges for a copy of depositions utilized for such purpose shall be taxable as court costs.
 In Succession of Franz, 242 La. 875, 139 So.2d 216, the Supreme Court points out that the only costs taxable against a litigant are those provided for by positive law. LSA-R.S. 13:4533. The chai'ge for securing the copy does not fall within purview of LSA-R.S. 13:4533. The Section reads:
“The costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.”
In Beattie v. Dimitry, 168 La. 81, 121 So. 581, the amount charged plaintiffs by the stenographers for a copy of the testimony for the private use of the plaintiffs was held not to be a taxable item of costs.
United States v. Kolesar, 5 Cir., 313 F.2d 835, is not apposite; there different circumstances were present, and, moreover, considerable portions of the depositions were formally offered in evidence.
Little need be said regarding the copy of the police report. It was never placed in evidence and was for counsel’s private use in preparing plaintiffs’ case.
The judgment appealed from is affirmed.
Affirmed.