244 So.2d 894 (1971)
Willis L. GORE et al.
v.
AMERICAN MOTORISTS INSURANCE COMPANY.
No. 8211.
Court of Appeal of Louisiana, First Circuit.
February 1, 1971.
Rehearing Denied March 15, 1971.
Writ Refused April 22, 1971.
Craig R. Nelson, of Hammett, Leake & Hammett, New Orleans, for appellants.
Ralph Brewer, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and PICKETT, JJ.
LOTTINGER, Judge.
This matter is on appeal before this Court from a decision by the Lower Court upon a rule to show cause why certain costs should not be taxed as Court Costs. The rule was filed by defendant, American Motorists Insurance Company, against the petitioner, Willis L. Gore. The defendant has appealed to this Court from that portion of the Lower Court's judgment, denying its demand to tax the premium for a suspensive appeal bond as Court Costs.
The facts disclose that the petitioners, as unsecured creditors of Delta National Mutual Insurance Company, filed suit against defendants seeking damages under the provisions of a Comprehensive Dishonesty, Disappearance and Destruction Policy issued by the defendant to Delta National.
Trial in the Lower Court resulted in a judgment in favor of petitioners from which judgment defendant took a suspensive to this Court. We reversed the judgment *895 of the Lower Court and rendered judgment in favor of defendant, dismissing petitioners' suit. Petitioners' application to the Supreme Court for Writ of Review was refused on November 12, 1969.
Subsequently, on February 2, 1970, the defendant filed a rule to tax the costs it incurred in defending this suit. The basis for this rule was the last paragraph of this Court's judgment which states:
"For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed, and there will be judgment herein in favor of defendant and against the petitioners, dismissing the petitioners' suit at petitioners' cost.
JUDGMENT REVERSED."
In this rule defendant seeks to recover total costs of $1,238.88. This amount is divided into two categories, $303.88 for the costs charged to defendant by the Clerk and Sheriff and $935.00 for the premium defendant paid for the suspensive appeal bond.
The Lower Court rendered judgment in favor of defendant to the extent of $303.88 and rejected defendant's demand for the appeal bond premium. Defendant has appealed to this Court from that portion of the Lower Court's judgment denying its demand to tax said premium as costs.
Section 1 of Act 24 of 1872, now incorporated at R.S. 13:4531, provides as follows:
"In all cases of appeal to the Supreme Court the party appellant shall be primarily liable for all costs occasioned by the appeal. The party plaintiff, if appellee, shall never be called on to pay the costs unless he is condemned therefor by judgment on the appeal."
At the time of the enactment of said statute, many of the cases which are now appealable to this Court were appealable directly to the Supreme Court.
R.S. 13:4533 provides as follows:
"The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs."
The defendant contends that in order to take a suspensive appeal from a money judgment, security must be furnished which exceeds by one-half the amount of the judgment. Louisiana Code of Civil Procedure Article 2124. Accordingly, when the defendant took a suspensive appeal from the Trial Court's judgment, the defendant had to furnish an appeal bond in the sum of $46,750.00, upon which defendant paid a premium of $935.00. It is maintained by the defendant that the only fair and logical step for this Court to take is to reimburse it for each and every nicked it spent in defending a suit which proved to be completely unjustified.
The jurisprudence of this State is well settled to the effect that the only costs that can be taxed against the litigant are those provided for by a positive law. Succession of Franz, 242 La. 875, 139 So.2d 216; Kommer v. Assenheimer, La.App., 174 So.2d 197. The language, "and all other costs allowed by the court * * *", as found in R.S. 13:4533 has been interpreted by the Court to include such costs as long distance telephone calls (Succession of Moody, 229 La. 30, 85 So.2d 20), surveys, maps and plats (Boagni v. Police Jury of St. Landry, La.App., 145 So. 781), and costs in protesting a mortgage note (Umrich v. Grow, 24 La.Ann. 308; Fazende v. Flood, 24 La.Ann. 425).
While we feel there is much merit to the contention by the defendant that the Court should allow and tax as costs the premium which it was required to pay on the suspensive appeal bond when the judgment in favor of petitioner was reversed on the appeal, we are persuaded by the decision of the Court in Keller Construction Corp. v. George W. McCoy & Company, Inc., La. *896 App., 138 So.2d 128, wherein the Fourth Circuit Court said:
"We now address ourselves to the appeal by McCoy. Counsel for McCoy point to LSA-R.S. 13:4531, which provides in part that `In all cases of appeal to the Supreme Court the party appellant shall be primarily liable for all costs occasioned by the appeal. * * *', and argues that since the law fixes the amount of the bond which the appellant must furnish in order to perfect the appeal, and without which bond it could not appeal, the premium paid for the appeal bond is an expense `occasioned' by the appeal and the amount of this premium should be taxed as cost. We do not agree.
There are many items, in the broad sense of the word, `occasioned' by the appeal, which are not taxable as costs. For example, the amount expended for the printing of a brief required by rules of court are not so taxable, (Cline v. Crescent City R. Co., 42 La.Ann. 35, 7 So. 66), nor are attorney's fees in the absence of special statute or contract (State ex rel. Landry v. Morning Star Benevolent Ass'n, 15 La.App. 419, 132 So. 159; see also Scurria v. Russo, 134 So.2d 679)."
The Supreme Court denied Writs of Certiorari in the Keller case.
Subsequently, in Mediamolle v. Texas & N. O. R.R. Company, 176 So.2d 691, writ refused 248 La. 386, 178 So.2d 664, the Fourth Circuit Court of Appeal again held that the amount of premium paid on an appeal bond was not taxable as costs saying:
"Appellant, Southern Pacific Company argues to the court that in the Keller Construction Corp. v. George W. McCoy & Co., case, supra, the court was relying on LSA-R.S. 13:4531 and in this case this item of cost should be allowed under LSA-R.S. 13:4533. We hold that this argument is without merit and that the premium for a suspensive appeal bond is not a taxable cost within the provisions of either of the above referred to sections. The Supreme Court has held that the only costs taxable against a litigant are those provided or by positive law. Succession of Franz, 242 La. 875, 139 So.2d 216 (1962); Kommer v. Assenheimer, 174 So.2d 197 (La.App.1965)."
Although the Courts of other states have allowed the premium on a suspensive appeal bond as an item of costs when the judgment of the Lower Court was reversed on appeal, we are constrained to follow the decisions reached in the Keller and Mediamolle cases.
In view of the above, we find no error in the decision of the Lower Court, and accordingly, for the reasons hereinabove assigned, the decision of the Trial Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.