BLANCHE, Judge.
Appellant, John B. Fleming, was employed as a Vocational Rehabilitation Counselor-Assistant in the Louisiana State Department of Education at Shreveport, Louisiana, with permanent status under classified civil service at a salary of $750 per month. On December 5, 1972, he was notified by letter from the Superintendent of Education, Louis J. Michot, that his position was being abolished effective December 31, 1972. Subsequently, by letter dated December 18, 1972, he was offered the position of Clerk II with the Department of Education in Baton Rouge at a salary of $540 per month. Thereafter, he perfected an appeal to the Louisiana Civil Service Commission alleging certain violations concerning his layoff, the principal complaint being that his termination was the result of political discrimination as defined by Rule 1.14.1[1] of the Civil Service Rules. Specifically, he contended that his position was abolished solely because he had been associated with the Dodd administration (William J. Dodd was the former Superintendent of Education) and failed to support Superintendent Michot during the 1971 political campaign.
A hearing of his appeal was docketed for April 4, 1973, before the Civil Service Commission, and appellant’s counsel, in preparation thereof, had subpoenaed Mr. Michot as a witness deemed by him to be essential to his case. When counsel learned that Mr. Michot was not in attendance at the hearing, he made an oral motion for summary disposition of the case in *660 appellant’s favor. However, the Commission evidently refused this motion and granted a continuance of the case to May 9, 1973, without prejudice to the rights of appellant. At the hearing on May 9 appellant renewed his request for summary disposition by form of written motion, which was refused, even though as counsel states, his client had traveled over 200 miles and he had traveled over 100 miles to attend the first hearing set for April 4. Additionally, he asked the Commission to award him reasonable expenses and attorney’s fees as a result of the appointing authority’s failure to appear.
After the hearing before Commissioners Berkett, Finister,. Smith and Blasi, the appeal was taken under advisement and a decision was rendered on August 14, 1973, denying the appeal. Mr. Blasi dissented, and the majority decision was rendered by the remaining members who heard the appeal as well as by Commissioner-Chairman Harry Johnson who did not hear the appeal.
Before this Court appellant urges numerous specifications of error which we take the liberty of categorizing as follows: (1) The Commission failed to grant appellant’s request for summary disposition of the appeal in his favor and failed to allow reasonable expenses and attorney’s fees in connection therewith. (2) The Commission failed to find that the abolition of appellant’s position was the result of political discrimination by Mr. Michot. (3) The appointing authority failed to comply with Civil Service Rules governing the layoff of employees by offering him a job as Clerk II in Baton Rouge, Louisiana. (4) The Commission erred in allowing Commissioner-Chairman Harry A. Johnson to participate in the decision of the Commission when he did not hear the case.
After the hearing but before rendition of the decision herein , appellant learned that Commissioner Finister was an employee of the Department of Education. Therefore, he assigns as additional error (5) the hearing of his case by an employee of the appointing authority who allegedly discriminated against him.
In his first assignment of error appellant contends that the Commission should have allowed his motion for summary disposition of the case in his favor on the basis of Rule 13.14(a) S [2] of the Civil Service Rules providing that summary disposition may be made of a case before the Commission when the appellant has failed to appear at the time fixed for the hearing of his appeal. He argues that the sword should “cut two ways.” A reference to the foregoing rule convinces us that it does not, as the rule is only concerned with the disposition of appeals when the appellant fails to appear.
We find no authority and none has been cited to us, either statutory or otherwise, to authorize imposition of costs and attorney’s fees against an appointing authority. The only costs that can be taxed against a litigant are those provided by positive law. Liquidating Com’rs v. Marrero, 106 La. 130, 30 So. 305 (1901); Gore v. American Motorists Insurance Company, 244 So.2d 894 (La.App. 1st Cir. 1971), writ refused, 258 La. 363, 246 So.2d 683. It is also well recognized in the jurisprudence of our state that generally attorney’s fees are not recoverable in the absence of statutory authority. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970). In addition, the Commission has no authority to grant a money judgment. Hays v. Louisiana Wild Life and Fisheries Commission, 165 So.2d 556 (La.App. 1st Cir. 1964).
*661 We next consider appellant’s contention that he was denied due process of law for the reason that his case was heard by Commissioner Finister, an employee of the appointing authority, Mr. Michot, whom appellant claims discriminated against him. We first note Rule 13.32 of the Civil Service Rules, which provides:
“The grounds for recusation of a Commissioner shall be the same as the grounds for the recusation of judges of the courts of the State of Louisiana.”
The recusation of judges is provided for in Article 153 of the Code of Civil Procedure :
“Until a judge has recused himself, or a motion for his recusation has been filed, he has full power and authority to act in the cause.”
Turning to Article 154 of the Code of Civil Procedure, we find the procedure for recusation:
“A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.”
Thus, it is easily determined that appellant was not denied due process of law, inasmuch as he had an opportunity to recuse Commissioner Finister but failed to follow the required procedure as set forth in the Code of Civil Procedure. McNeill v. Continental Casualty Company, 244 So.2d 693 (La.App. 4th Cir. 1971).
Having determined that Commissioner Finister had full power and authority to act in the cause, we observe that the dismissal of appellant’s appeal by the Commission was concurred in by three of the four members of the Commission hearing the case. Therefore, the quorum and voting requirements of the Commission’s rules governing the rendition of a decision were satisfied. As authority for this holding, as well as authority to disqualify Commissioner-Chairman Johnson from acting in the case, we quote Rule 2.6 of the Civil Service Rules, in its entirety:
“2.6 Quorum and Voting.
“(a) Three (3) members of the Commission shall constitute a quorum for the transaction of business.
“(b) The concurrence of a majority of the members present shall constitute a ruling upon an item of business then before the Commission.
“(c) In the event of a tie vote the Commission may, in its discretion,
“1. Refer a transcript of the record of the matter under consideration to one or more absent members, who shall then vote; or
“2. Continue the matter for consideration at a later meeting.”
(Emphasis supplied)
As noted above, there was no tie vote of the members hearing the appeal, and by virtue of its own rules the Commission had no discretion to refer a transcript of the record of the appeal to Commissioner-Chairman Johnson.
Finally, we are in a position to consider the appeal on its merits. There is some evidence in the record that the abol-ishment of appellant’s position was not politically motivated. The Commission could have believed Mr. Michot’s testimony that he did not intend to use politics over anybody’s head despite other evidence to the contrary. It is also true that not only was appellant’s position abolished but also all twelve of the positions of Counselor-Assistant throughout the entire state were *662 likewise abolished, thereby negating any presumption that appellant was solely singled out for political retribution. The Commission could also have believed Mr. Joe Glorioso, a staff officer of the department who testified that he had been given specific instructions by Mr. Michot to get rid of people in jobs not needed. It was Mr. Glorioso’s recommendation that all persons involved in counseling duties should be professional and fit into the other “counselor classes.” An equally acceptable view of the evidence was accurately expressed by Mr. Blasi in his dissent, but as noted, this view was not accepted by the majority of the members of the Commission.
Under the plain provisions of the Constitution, the decision of the Civil Service Commission is final on the facts, and this Court is limited in its review to a resolution or determination of questions of law only:
“ * * * We are powerless to inquire into the weight or sufficiency of the evidence on which the decision of the Commission is based and in this respect if there is any evidence produced before the Commission in support of the charge, then the weight and sufficiency thereof is peculiarly within the province of the Civil Service Commission. We are not concerned with the determination of whether the evidence is substantial or probative so long as there is evidence in the record on which a finding of fact might be determined by the Civil Service Commission. The findings of facts by the Commission must be based on evidence in the record and it is only in those instances where the record is barren of any evidence to support the findings of facts by the Commission the invalidity of action of the Commission is apparent, presents a question of law, the jurisdiction of which is vested in this Court.” (Gremillion v. Department of Highways, 129 So.2d 805, 809 [La.App. 1st Cir. 1961], certiorari denied June 29, 1961)
Finally, we conclude that appellant failed to show that the offer to him of a Clerk II job in Baton Rouge, over 200 miles away from his place of employment at Shreveport and outside of the commuting area, at a reduced salary ($210 less) does not comply with Civil Service Rule 12.4 affecting the layoff of Civil Service personnel. That rule provides:
“12.4 Layoff. When an appointing Authority determines that it is necessary to reduce force the necessary number of employees shall be laid off subject to the following procedure and in the following order
* * * * * *
“(d) A permanent employee affected by a layoff must be offered another position in the same, equivalent, or lower class by the appointing authority, with a minimum reduction in pay range, if there exist in the department such position for which he is qualified which is occupied by a provisional or probationary employee. Such offer shall first be to such a position in the commuting area. If no such position exists in the commuting area, offer must be made to any such position outside the commuting area.” (Emphasis supplied)
Civil Service Rule 12.5 also provides that civil service employees having the lowest number of retention points shall be laid off first, thus giving preference to employees with higher retention points.
Appellant did prove that as Counselor-Assistant he performed the same duties as performed by those in the Counselor-Trainee position. He also proved that he possessed the highest number of retention points in the Counselor-Assistant class and that after the layoff two of his co-employees with fewer retention points were re-employed as Counselor-Trainees after taking a test for that position which was not actually required. Such evidence tends to prove that Counselor-Assistant and Counselor-Trainee were, in fact, equivalent *663 and open positions in the Shreveport area and that it violated both the spirit and intent of the Civil Service Rules to offer him a job as Clerk II in Baton Rouge instead of the position of Counselor-Trainee in Shreveport after his layoff.
However, there is evidence that the job of Counselor-Trainee was a higher position than that of Counselor-Assistant and that the appointing authority was not required to offer appellant a higher position. Mr. Wayne E. Brougham, Acting Chief of the Examining Section of the Department of Personnel, testified that the two were not equivalent positions and that the Counsel- or-Trainee job was really a higher job than Counselor-Assistant. He further stated that the appointing authority was not obliged to offer a man a higher level position.
Mr. William E. Larguier, Jr., another civil service employee whose official position did not appear in the record but who planned and put together the entire program for the Department of Vocational Rehabilitation, also stated that Counselor-Assistant was a lower category than Counselor-Trainee. As we appreciate his testimony, the principal difference in the three classes of counselor is one of qualification even though the jobs might be basically the same. In support of this conclusion, we point to his testimony on cross-examination as follows:
“Q Isn’t it a fact sir, that the counselor assistant and the counselors up in Shreveport did basically the same type of work?
“A I would have to say yes.
“Q So in essence in talking about your observations about Shreveport, what we’re talking about basically is the same job maybe with different qualifications as far as counselors or counselor assistants, is that right?
“A That’s correct.”
(Record, pp. 136, 137)
The foregoing considered, we conclude that the Commission could rely on the aforementioned evidence to reject appellant’s contention that he was not laid off in accordance with Civil Service Rules. There is no evidence as to what other positions might have been open to appellant except for the Clerk II job in Baton Rouge which he refused to accept.
For the above reasons, the decision of the Louisiana Civil Service Commission is affirmed, all costs of this appeal to be paid by appellant.
Affirmed.

. Rule 1.14.3 of the Civil Service Rules states : “ ‘Discrimination’ means consideration of religious or political affiliations or beliefs, race or national origin, or any other non-merit factors.”

. Rule 13.14 (<a) 5 of the Civil Service Rules states:
“(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds:

“5. That an appellant has failed to appear at the time fixed for the hearing of his appeal, without having been granted a continuance.”