295 So.2d 921 (1974)
Otis Ray GREEN
v.
Maxine JAMES et al.
No. 9814.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
Rehearing Denied July 3, 1974.
Writ Refused September 13, 1974.
Raymond M. Allen, Lafayette, for appellant.
William D. Hunter and John E. Conery, Morgan City, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
This appeal by defendant, Argonaut Insurance Company (Appellant), is from a judgment taxing the cost of taking depositions not introduced in evidence and the cost of transcribing testimony taken to the date of compromise as costs pursuant to an amicable settlement of this partially tried lawsuit for the sum of $40,000.00 "plus court costs to date". We affirm in part and reverse in part.
Plaintiff initiated this action in tort to recover damages for personal injuries sustained by plaintiff while a patient in Lakewood Hospital. The case was partially tried on December 14 and 15, 1972, and continued to Monday, January 29, 1973. On Sunday, January 28, 1973, after numerous prior negotiations had failed, counsel for the adverse parties reached a mutually agreeable compromise by telephone wherein the action was settled on the terms above indicated. The next day, Monday, January 29, 1973, counsel for plaintiff filed with the trial court clerk certain depositions previously taken for trial purposes, but which had not been introduced in evidence; counsel also filed a statement of the official court reporter covering the cost of transcribing the testimony taken during the two days of trial.
Defendant concedes its liability under the agreement for accrued costs actually docketed by the trial clerk as of January 28, 1973, amounting to $899.25. At issue *922 here are the items filed of record by counsel for plaintiff on January 29, 1973, which include deposition costs in the sum of $616.80, and transcription fees amounting to $385.00, a total of $1,001.80.
The compromise has been effected in that Appellant has paid and plaintiff has accepted the agreed amount of $40,000.00. Appellant has also paid $899.25, representing costs accrued and actually docketed by the trial clerk as of January 28, 1973. The sole issue on appeal is whether Appellant correctly contends the trial court erred in holding that the costs entered on the docket by the trial clerk on January 29, 1973, constitute part of the "court costs to date" within the meaning of the term as agreed upon by the parties.
The costs incurred with respect to the controversial depositions are itemized as follows:

1. Associated Reporters for
 deposition of Dr. Ritter (copy) ...... $ 35.00
 deposition of Dr. Grunsten ........... 141.40
 deposition of Dr. Kirgis ............. 131.70
 _______
 $308.10
2. Vivian Aycock, Court Reporter, for
 deposition of Doyle G. Berry ......... 57.25
 deposition of Lena Hamilton,
 R. N. .............................. 11.25
 deposition of Samuel A. Broussard 48.75
 ______
 $117.25
3. Paula T. Whitney for
 deposition of Maxine James ..
 deposition of Dr. Russo (copy) ..
 deposition of Dr. Johnson (copy)
 deposition of Otis Ray Green
 (copy) ............................. ________
 $129.05
4. Clendening Reporting Service,
 Inc. for
 deposition of Leo Schillachi ......... _______
 $ 62.40

Counsel for plaintiff testified that he understood the agreement to be that Appellant would pay for all "accrued costs to date", which included the controversial depositions which plaintiff had taken but not yet introduced in evidence. Counsel also stated he so believed because, while these depositions had not been placed of record on January 28, 1973, the cost thereof had in fact been incurred and constituted part of the expense undertaken by plaintiff in the prosecution of the action. Counsel concedes that he requested the court reporter to immediately type the testimony taken during the two trial days so that counsel might have the benefit of access to the adduced evidence when the trial resumed. He expressed the belief that, since the evidence had been taken, the cost of transcription had "accrued" and formed part of the court costs notwithstanding the reporter's bill was entered in the record the day following the compromise.
Conversely, counsel for Appellant testified that he made it clear that by "court costs to date", he meant to assume responsibility for payment only of those costs actually docketed by the trial clerk on January 28, 1973. Counsel further stated he made this point clear to opposing counsel because prior negotiations had included discussion of the possibility of Appellant paying for depositions which had not been introduced in evidence. Additionally, counsel stated he informed counsel for plaintiff that counsel for Appellant had authority to pay only such costs as were actually docketed on the date of compromise. In support of his position, counsel for Appellant introduced in evidence copy of a letter to counsel for plaintiff, dated January 30, 1973, which confirmed the agreement of January 28, 1973, to settle the matter for $40,000.00 "plus court costs to date". In substance, counsel for Appellant also stated that in his many years of practice, he had settled numerous cases on an identical payment of costs provision which was customarily interpreted to mean costs actually docketed at the time of compromise.
The trial court concluded the parties intended "court costs to date" to mean all costs incurred prior to January 28, 1973, regardless of whether they had been previously docketed. Relying upon Succession of Moody, 229 La. 30, 85 So.2d 20, the lower court found the controversial depositions were taxable as costs even though *923 they had not been introduced in evidence because the compromise during the course of trial prevented plaintiff from offering the documents in support of plaintiff's claim.
From the record before us, it is obvious there was no meeting of the minds on the meaning of the term "plus court costs to date". Nevertheless, neither party asks that the compromise, which has otherwise been completed, be set aside or vitiated. On the contrary, it is mutually agreed that the court simply determine the meaning of the term "plus court costs to date" as used in the compromise agreement. Under the circumstances peculiar to this case, we are called upon merely to interpret the provision in dispute.
This case, basically a malpractice action, was quite complex and involved the depositions of numerous experts and lay witnesses. Previous settlement negotiations had failed largely due to the parties' inability to agree upon the amount of court costs defendants would pay as part of a compromise agreement. After two days of trial, the case had not been completed. Although some depositions taken by plaintiff had been introduced in evidence, numerous others had not. It is evident that on January 28, 1973, counsel for Appellant had no way of knowing what additional depositions plaintiff might introduce in evidence if trial resumed the following day, or the cost thereof. It follows that, as of the settlement date, Appellant had no way of knowing the total amount of cost it might be assuming if it agreed to pay for depositions taken but not introduced of record.
We find nothing in the record to support Appellant's contention that custom in the legal profession considers the term "court costs to date" to mean those costs actually entered on the docket of the trial court. Although counsel for Appellant testified that in his own experience over the years, he consistently so interpreted the phrase, this testimony is without further support in the record. We deem this unilateral self-serving testimony insufficient to establish a custom in the legal profession.
In our judgment, this matter is properly determinable on the principle that a contract must be construed as a whole, and in the light of the attending events and circumstances. Fitzgerald v. Hyland, 199 La. 381, 6 So.2d 321. With this principle in mind, we reach a solution based upon our determination of what the parties could reasonably have intended by the language employed in the light of the surrounding circumstances. For this reason, we deem Succession of Moody, above, factually inapposite.
Under the circumstances, we find it reasonable to interpret "court costs to date" to mean only those costs of record on the date of the settlement agreement, and also those which defendant could readily determine or anticipate from the face and status of the record as of that same date.
Admittedly, an attorney might contract to pay all costs incurred by another party, even though the precise amount is unknown. We deem it unreasonable, however, to suppose an attorney would so agree in the absence of contract language expressly so providing. In this instance, the agreement does not contain an express undertaking to pay all costs irrespective of the known amount thereof. Moreover, the record clearly indicates that previous settlement negotiations had failed because the parties could not agree upon those costs Appellant was willing to defray. With this background, it is most unlikely that counsel for Appellant would agree to assume payment for numerous depositions not of record.
The record discloses that only two depositions had been introduced in evidence as of the date of the settlement, namely, the deposition of Leo Schillachi, taken by Clendening Reporting Service, Inc., for which $62.40 was charged, and that of Lena Hamilton, R.N., taken by Vivian Aycock, *924 court reporter. However, the statements from the reporters who took these depositions were not of record on January 28, 1973. We are of the opinion that nevertheless court costs should include these two items in this instance because the depositions themselves had been introduced in evidence.
We find no merit in Appellant's contention that the cost of the deposition of Lena Hamilton should not be assessed herein because it was admitted in evidence over Appellant's objection. The deposition was introduced during the trial and constitutes part of the record. Its cost is therefore assessable in this instance. We note the invoice of Vivian Aycock establishes the cost of the Hamilton deposition to be $11.25. The remainder of this invoice, amounting to $106.00 allowed below, is attributable to depositions taken from Doyle G. Berry and Samuel A. Broussard, neither of which were introduced in evidence, which sum will therefore be disallowed as costs in this instance.
Plaintiff was also awarded costs represented by the invoices of Associated Reporters and Paula T. Whitney in the sum of $437.15, for taking depositions which were never offered in evidence. For the reasons above given, these items are not recoverable as costs by plaintiff.
Concerning the item of $385.00 charged by the court reporter for transcribing the two days of testimony, Appellant relies on Beattie v. Dimitry, 168 La. 81, 121 So. 581, as authority for rejecting this item as costs. After considering Beattie, above, we find it inapplicable because in this instance the transcription was not solely for the purpose of providing a copy thereof for the private use of plaintiff's attorney. In this instance, the record shows that it was customary in the trial court for the court reporter to immediately commence transcribing the record during the progress of a trial. Counsel for plaintiff conceded a request was made of the reporter to transcribe the two days of trial proceedings. The court reporter testified that she would have commenced typing the transcript even had counsel for plaintiff not so requested. She acknowledged that she would probably not have transcribed the entire two days of testimony as soon as she did but for counsel's request. It also appears that it was customary in the trial court that the reporter complete the transcript as soon as possible unless instructed to the contrary by the trial judge. It is conceded no such instruction was given in this case.
Under the circumstances, counsel for Appellant was aware that two days of testimony had been taken. He was also cognizant that the testimony would be transcribed by the reporter at the earliest possible moment. We conclude it reasonable to hold that court costs to date, in this instance, included the cost of this transcription even though the court reporter's invoice for such service was not of record on the date of the settlement.
Accordingly, the judgment of the trial court is reversed insofar as it taxed as costs the items hereinabove disallowed. The judgment of the trial court is affirmed insofar as it taxed as costs items totaling $899.25, and actually docketed as costs on January 28, 1973. The judgment of the trial court is also affirmed insofar as it taxed as costs the sum of $458.65 for the depositions herein allowed and the cost of the trial transcript; Appellant to be allowed credit for such portions of the costs allowed as Appellant may have previously paid. All costs of the rule to tax costs and the cost of this appeal to be paid equally by plaintiff, Otis Ray Green, and Appellant, Argonaut Insurance Company.
Affirmed in part, reversed in part, amended and rendered.