**Murray Wayne LEWIS**

v.

**TRANSLOAD AND TRANSPORT, INC.**

**Civ. A No. 85–2018.**

United States District Court,
E.D. Louisiana.

Aug. 21, 1986.

Daryl A. Higgins, Windhorst, Pastorek & Guidry, Harvey, La., for plaintiff.

Andre J. Mouledoux, Harvey J. Godofsky, Hebert, Mouledoux & Bland, New Orleans, La., for defendant.

ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the motion of plaintiff, Murray Wayne Lewis, to enforce a settlement agreement. Plaintiff seeks to hold Pacific Marine Insurance Company, La Reunion Francaise Insurance Company, Great Global Assurance and Property Marine, Inc. liable *in solido* on the settlement agreement.[1]

---

**1.** Plaintiff has dismissed Associated Maritime Adjusters, Inc. from his claim for relief in the consolidated case, Civil Action Number 86–2090,

Plaintiff claims that Property Marine, Inc., the general managing agent of the insurance companies for the defendant in Civil Action 85–2018, Transload and Transport, Inc., is liable *in solido* with the defendant's insurers. However, since the plaintiff has never sought to join Property Marine, Inc. as a party in its action against Transload and Transport, Inc., *see* Plaintiff's Exhibit 1, we find it procedurally improper to address his claims in the motion to enforce settlement in Civil Action Number 85–2018. Accordingly, we do not address any claims against Property Marine, Inc. asserted in Civil Action Number 86–2090.

On May 8, 1985, plaintiff filed the complaint in this action naming as defendant plaintiff's employer, Transload and Transport, Inc. (hereinafter "Transload"). During the course of litigation, plaintiff was advised that the defendant, Transload, had filed for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Louisiana.

Plaintiff thereafter sought leave to amend his original petition to include as named defendants the liability insurance carriers for Transload. Said motion was opposed by defense counsel. As evidenced by the memorandum in opposition to the motion for leave to file the amended complaint, Plaintiff's Exhibit 1, defense counsel assured the plaintiff that the defendant's insurers, Pacific Marine Insurance Company, La Reunion Francaise Insurance Company and Great Global Assurance Company, were prepared to respond to any judgment rendered against plaintiff's employer. On or about March 14, 1986, settlement negotiations between plaintiff's counsel and defense counsel resulted in a settlement agreement. The agreement is evidenced by, *inter alia,* a confirmation sent by defense counsel to plaintiff's counsel. Plaintiff's Exhibit 2. On or about April 9,

1986, two settlement checks totalling the agreed settlement amount of $185,500 were tendered to the plaintiff's counsel. Defense counsel also tendered and plaintiff executed a receipt and release. See Plaintiff's Exhibits 3 and 4. Subsequently, plaintiff's counsel was advised by defense counsel that a problem existed in securing all the settlement funds and that either he or his clients had ordered the bank to place a stop payment on the settlement checks tendered to the plaintiff.

On February 7, 1986, the superior court of the State of Arizona in and for the County of Maricopa issued an order appointing a receiver and enjoining the prosecution of actions and/or the transacting of business by or on behalf of Great Global Assurance Company. See Defendants' Exhibit A. It is clear from the evidence provided by counsel that neither plaintiff's counsel nor defendants' counsel had actual knowledge of this order.

On or about January 20, 1986, a copy of the policy of insurance issued to Transload was made available by defense counsel to the counsel for the plaintiff. At that time, plaintiff's counsel requested and received a photo copy of the provisions page of that policy. Stipulation of Facts 1–2. Said page, identified in the record as Defendant's Exhibit B, states, *inter alia:*

> The subscribers hereto, severally but not jointly, for their respective proportions as set forth hereinafter, do hereby cause to be insured, lost or not lost, the Assured named herein, subject to the conditions, warranties and other terms of this Policy, including any endorsements now or hereafter attached to any part hereof. Any and all provisions required by law to be stated or incorporated in policies issued by each and any subscribers hereto, shall be deemed to have been stated and incorporated herein.

\* \* \* \* \* \*

and asserts no claim against it in its motion to enforce settlement.

| ASSURERS | PERCENTAGE HERETO | AUTHORIZED SIGNATURES OF ASSURERS |
|---|---|---|
| Underwriter through Property Marine, Inc. Policy No. MHO–40009 | | |
| La Reunion Francaise | 15 | _____ |
| Pacific Marine Insurance Co. | 68 | _____ |
| The Great Global Assurance Co. | 17 | _____ |

It was stipulated at the hearing in this matter that the marine package policy in question had a one million dollar policy limit.

All dealings, including settlement discussions, during the course of the proceedings in this case have taken place exclusively between counsel. Stipulation of Facts 6. There have been no dealings or direct communications between plaintiff's counsel and any of the three insurance companies. *Id.*

Pursuant to an order of this Court, La Reunion Francaise Insurance Company and Pacific Marine Insurance Company have deposited 83% of the $185,500 settlement amount negotiated by plaintiff's counsel and defense counsel into the registry of the Court.

■ A federal court possesses the inherent power to enforce agreements entered into in settlement of litigation before that court. *Pearson v. Ecological Science Corporation,* 522 F.2d 171 (5th Cir.1975), *cert. denied sub nom. Skydell v. Ecological Science Corporation,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976); *Lee v. Hunt,* 631 F.2d 1171, 1174 (5th Cir.1980), *cert. denied sub nom. Hunt v. Hunt,* 454 U.S. 834, 102 S.Ct. 133, 70 L.Ed.2d 112, *reh'g denied,* 454 U.S. 1129, 102 S.Ct. 983, 71 L.Ed.2d 118 (1981). The construction and enforcement of settlement agreements is governed by principles of state law. *Lee v. Hunt, supra; Florida Education Association, Inc. v. Atkinson,* 481 F.2d 662 (5th Cir.1973).

■ Under Louisiana law, the meaning of an effective compromise agreement is determined on the principle that the contract must be construed as a whole and in light of attending events and circumstanc-es. *Green v. James,* 295 So.2d 921 (La. App. 1st Cir.1974), *writ denied,* 299 So.2d 792, *In Re Magnani,* 450 So.2d 972 (La. App. 2nd Cir.1984). In this case, there are two attendant circumstances of particular import. The first is the representation made by defense counsel in his Memorandum in Opposition to the Motion for Leave to File an Amended Complaint. In that memorandum, counsel stated, "[T]his is an insured claim and the underwriters of Transload and Transport, Inc. are *prepared to respond to any judgment which may be rendered against Transload and Transport, Inc.* There will be no prejudice to the plaintiff in the denial of the instant motion." Memorandum in Opposition to Motion for Leave to File Amended Complaint at p. 2 [emphasis added]. Second, neither the receipt and release, Plaintiff's Exhibit 4, nor any of the other documents evincing the settlement, *see, e.g.,* Plaintiff's Exhibit 2, indicate that the payment of the settlement amount was conditioned upon or to be funded exclusively by contributions from each insurer in conformity with its percentage subscription to the marine package policy in question. Therefore, while it is clear that the intention of the parties to an insurance policy is to be gathered from the policy alone, except when the language is ambiguous, *American Aviation and General Insurance Company v. Georgia Tel. Co. Credit Union,* 223 F.2d 206 (5th Cir.1955), and accordingly, as among the three insurers, the respective subscription percentages are binding, the circumstances surrounding this settlement agreement do not indicate any mutual intention between plaintiff's counsel and defense counsel which would require us to hold that the plaintiff must collect his settlement proceeds from each of the insurance companies according to its respective percentage subscription to the marine package policy. The conclusion that the settlement agreement does not require the plaintiff to enforce the settlement agreement against each of the defendant's insurers for its respective subscription share is further indicated by the fact that the insureres have

bargained to limit their liability to $185,500, an amount substantially less than the one million dollar policy limit. In exchange for their promise to pay the aforesaid sum, the plaintiff dismissed his suit. They agreed to collectively produce this sum in exchange for a limit or cap on their liability. There was, accordingly, onerous cause on each side of this agreement. Therefore, the policy agreement at most, merely serves to apportion the liability for the stipulated sum among the various insurers.

In light of the foregoing, the plaintiff is entitled to a judgment in the full amount of the settlement, to wit: $185,500. Said sum should consist of the $153,965 plus accrued interest deposited in the registry of the Court pursuant to this Court's order plus $31,535 to be apportioned as follows: $25,827.17 from Pacific Marine Insurance Company, said sum representing 68/83rds or 81.9% of the total deficiency, and $5,707.83 from La Reunion Francaise Insurance Company, said sum representing 115/83rds or 18.1% of the total deficiency.[2] This method of contribution preserves the contractual allocation of loss under the relevant insurance policy.[3]

Accordingly, the Clerk of Court is directed to enter judgment in favor of the plaintiff, Murray Wayne Lewis, and against La Reunion Francaise Insurance Company, Pacific Marine Insurance Company and Great Global Insurance Company, jointly and *in solido,* in the amount of $185,500. The aforementioned insurance companies shall be credited with the $153,965 in principal deposited in the registry of the Court and the Clerk of Court is hereby directed to disburse said amount and all interest accrued thereon to the plaintiff. Additionally, although all three insurers are liable *in solido* and jointly for the entirety of the judgment amount, as between Pacific Marine Insurance Company and La Reunion Francaise Insurance Company, allocation

of the $31,535 of the judgment amount not deposited in the registry of the Court, is to be as follows: $25,827.17 to Pacific Marine Insurance Company and $5,707.83 to La Reunion Francaise Insurance Company.

---

**2.** We reach these proportions by treating the 83% of liability allocated to the two companies by the policy as if it were 100% and the respective subscription percentages as if they were the fraction thereof assumed by each company.

**3.** Of course, nothing herein shall prevent either La Reunion Francaise Insurance Company or Pacific Marine Insurance Company from seeking to recover its share of the $31,535 deficiency from Great Global Assurance Company.