Dear Mr. Dahmer:
Your request for an Attorney General's Opinion has been directed to me for research and response. As I understand your request, you have asked the following two questions:
 (1) Does the exemption from paying "costs of court," as provided by LSA-R.S. 13:4521(A), prevent your office from charging state and local public agencies or indigent persons for copies which they request from your office, after a court proceeding has ended?
 (2) Does Rule 1301(G), Uniform Fee Schedule for copies of public records by the Division of Administration apply to clerks of court offices which are not funded by state monies?
LSA-R.S. 13:4521(A) provides as follows:
 (A) "Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or any employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans. This Section shall also apply to the Louisiana Insurance Guaranty Association in any judicial proceeding instituted by or against it. This Section shall also apply to employees or agents of the state if they are named as defendants in a suit arising out of the course and scope of their employment or agency. Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment." (Emphasis added).
Accordingly, under the statutory language just quoted, neither the state, nor any parish, municipality, or political subdivision, public board, or commission, can be charged for court costs in any judicial proceeding as described in the said statute. However, it is the opinion of this office that the exemption provided by LSA-R.S. 13:4521(A) applies only to open "judicial proceedings". Exceptions to this rule are set forth in LSA-R.S. 13:4521(A).
In previous Attorney General's Opinion Number 86-157, this office opined as follows:
 "The previous opinion rendered by this office (No. 81-913) provided the accurate general rule relative to court costs. Such cost must `bear a close relation to the actual expenses of prosecution and do not include general expenses of maintaining a system for criminal prosecution.' 65 ALR 2d 861. The opinion also noted that the `only costs that can be taxed against the litigant are those provided for by positive law'. Gore v. American Motorist Ins. Co., 244 So.2d 894
(La.App. First Cir. 1971)".
Accordingly, it would appear that the exemption contained in LSA-R.S. 13:4521(A), would only apply to those costs, including copies, related to an active judicial proceeding. We do not believe that the exemption would continue to apply, to exempt the costs of copies after a judicial proceeding has been closed. However, it should be noted that if the state or one of the other entities which enjoys the exemption were to request a copy from a closed proceeding, to be used in an active judicial proceeding, that copy would appear to be a cost of court in the active proceeding and would, therefore, be exempt under LSA-R.S.13:4521(A).
Your second question pertaining to Rule 1301(G) is somewhat more complex than your first and requires careful statutory interpretation. LSA-R.S. 39:241(A) provides, in pertinent part, as follows:
 (A) "Not later than ninety days after the effective date of this Section, the commissioner of administration, with the approval of the governor, shall, by rule or regulation, adopt a uniform fee schedule for copies of public records of executive branch state agencies furnished to persons so requesting by custodians thereof, as provided by R.S. 44:32. Copies of the public record furnished to a person so requesting shall be provided at fees according to the schedule, except for copies of public records, the fees for the reproduction of which are otherwise fixed by law." (Emphasis added).
Rule 1301(G) was adopted pursuant to this statute. Rule 1301(F G) provide as follows:
 (F) "Copies of public records shall be furnished without charge or at a reduced charge to indigent citizens of this state. . . ."
 (G) This schedule does not apply to copies of public records, the fees for the reproduction of which are otherwise fixed by law nor shall this schedule apply to requests for copies from one state agency to another." (Emphasis added).
It does not appear that Rule 1301(F or G) apply to clerks of court, for two reasons. First, R.S. 39:241(A) provides that a fee schedule shall be adopted "for copies of public records of executive branch state agencies. . . ." (Emphasis added). The Executive Branch of state government is established in Article IV of the Louisiana State Constitution of 1974. However, clerks of court are provided for in Article V (Section 28), of the constitution, which establishes the Judicial Branch of state government. Therefore, clerks of court are not subject to regulations adopted specifically for the Executive Branch. Second, even if Rule 1301 were applicable to clerks of court, Subpart (G) thereof provides that the schedule does not apply to copies of public records "the fees for the reproduction of which are otherwise fixed by law" (Emphasis added). LSA-R.S. 13:841
fixes the fees which clerks of court may charge. Subpart (A) of this statute provides as follows:
 "The clerks of the several district courts shall be entitled to demand and receive the following fees of office and no more in civil matters." (Emphasis added).
The statute then proceeds to enumerate some seventy-seven (77) charges which may be made for various pleadings, process and copies. R.S. 13:841(A)(5) provides as follows:
 "For copying all instruments of writing or pleadings not otherwise provided for, each one hundred words including seal and certificate thereto, $2.00."
It would therefore appear that the charges which may be made by clerks of court are clearly set forth in R.S. 13:841, and that Rule 1301 is not applicable to clerks of court. However, this still leaves unresolved the question of copies for indigent citizens. In seeking to find an answer to this question, we turn to LSA-R.S. 44:32, which deals with public records. Subpart (c) of that statute provides as follows:
 "(1)(a) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state."
 "(b) For all public records in the custody of a clerk of court, the clerk may also establish reasonable uniform written procedures for the mechanical reproduction of any such public record. . . ." (Emphasis added).
It would appear from the language, "the clerk may also", in R.S.44:32(C)(1)(b) that the legislature intended the applicable portions of R.S. 44:32(C)(1)(a) to apply to clerks of court. Since the fees which clerks may charge are set forth in R.S.13:841, it would appear that the language of R.S. 44:32
pertaining to custodians of public records establishing and collecting reasonable fees, would not overrule R.S. 13:841 and would not generally be applicable to clerks of courts, in instances covered by R.S. 13:841. However, it would appear that the provision in R.S. 44:32(C)(1)(a) relating to indigent citizens is applicable to clerks of court. In this regard it should also be noted that, R.S. 13:841 says that clerks of district courts shall be entitled to demand and receive the enumerated fees and "no more." The statute does not, however, say that a clerk of court may not accept less than the enumerated fees. Accordingly, it would appear that the effect of R.S. 44:32(C)(1) (a b) is to authorize, but not require, both the custodians of public records of non-state agencies and (or including) clerks of court to furnish copies of public records to indigent citizens of the state without charge or at a reduced charge.
Accordingly, it is the further opinion of this office that reading R.S. 44:32(C) (a b) together with R.S. 13:841, the fees which may be charged by clerks of court for copies in civil matters are set forth in the latter statute. However, R.S.44:32 authorizes, but does not require, clerks of court to provide copies of public records to indigent citizens, without charge or at a reduced charge.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS/pb/0631p