Dear Judge Hunter:
Our office has received your request for an Attorney General opinion for the following question:
 Can we [the judges of the 16TH Judicial District] assess an additional court cost to furnish bailiffs and/or security in each courthouse?
This question was prompted by the reduction in population in St. Mary, St. Martin, and Iberia Parishes, as reflected by the 2000 census. Due to this population reduction, the sheriffs of these parishes no longer qualify for the additional $10.00 fee authorized by La.R.S. 13:966.35. At least one sheriff has contacted the court and represented that, without the funding previously provided by the $10.00 fee, he will have to cut back on the cost of bailiffs and courthouse security.
Attorney General Opinion #01-439 states the governing principle, namely that in order for a court cost to be assessed against any party in a proceeding, it must be authorized by positive law. See Gore v. AmericanMotorists Ins. Co., 244 So.2d 894, 895 (La.App. 1 Cir. 1971), writdenied, 246 So.2d 683 (1971); Kommer v. Assenheimer, 174 So.2d 197, 198
(La.App. 4 Cir. 1965). The applicable jurisprudence suggests that "positive law" in this context means statutory or constitutional law, and not rule of court.
Turning to the applicable statutory authorities, La.R.S. 13:4533
provides:
 [t]he costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
(emphasis added)
In criminal and child support enforcement matters, La. C.Cr.P. art. 887(A) provides, in pertinent part:
 [a] defendant who is convicted of an offense or is the person owing a duty of support in a support proceeding shall be liable for all costs of the prosecution or proceeding. . . .
In civil matters, La.C.C.P. art. 1920 provides the mechanism for the imposition of costs and specifies the trial court's discretion in imposing costs.
These statutes, on their face, provide a basis in positive law for the imposition of costs upon litigants before the court to reimburse the sheriff of a parish for his costs and expenses relating to a court proceeding.
I hope this related opinion sufficiently answers your inquiry. If I may be of further assistance, please do not hesitate to contact our office. With warmest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ PAUL LEBLANC Assistant Attorney General
PL/jy
Date Released: April 26, 2002