———o———

## No. 4191.

### (Court of Appeal, Parish of Orleans.)

### GLOBE REALTY COMPANY, LTD. vs. MRS CAROLINE VIX, WIDOW OF ANGELLO COTONIO.

When required, the defendant who is the party cast in a suit, is of right entitled to an itemized or detailed statement of the costs expended by the plaintiff, such statement showing, so far as it can be furnished, the time and manner in which the costs were incurred.

A statement presented of the aggregate of the costs will not be deemed sufficient, nor will it suffice to dismiss the demand for an itemized account by referring the person against whom the costs have been taxed to the dockets or books of the various officials in which the costs are entered. It is for the plaintiffs to furnish the data.

Appeal from Civil District Court, Division "B."

F. R. Richardson & D. B. H. Chaffe, for Plaintiff and Appellee.

T. Cotonio, R. J. Maloney & R. E. Foster, for Defendant and Appellant.

ESTOPINAL, J. After having been twice appealed to this Court, and as many times remanded to the District Court in order that the defendant might be heard on certain exceptions interposed by her and to have these passed upon and decided before the trial on the merits, this case, for the third time, comes to us on appeal from a judgment to tax the costs of the entire proceedings in the cause.

After the second remanding by this Court the case was finally

regularly proceeded with, and culminated in a judgment being rendered against the defendant. Upon the refusal of the defendant to pay the costs of these proceedings, plaintiff came into Court by way of rule and averred that independent of the monied judgment rendered, it has incurred costs as follows, in the prosecution of this cause, viz:

| | |
|---|---|
| Documentary evidence | $33.00 |
| Stenographer's fees | 51.65 |
| Sheriff's fees | 33.00 |
| Clerk's costs | 41.40 |
| Crier's fees | 3.00 |
| | |
| Total | $162.05 |

Defendant filed an exception to the rule to tax costs, averring in said exception that the amounts which plaintiff claims to have expended are not sufficiently itemized or detailed to enable her to safely plead thereto; that it is not sufficient to plaintiff, for instance, to claim an aggregate sum as having been paid for "Documentary evidence," but that it should set forth the character of said documentary evidence, the number of documents; the cost of each, and the date of filing; that plaintiff should state whether or not all of the Stenographer's fees were incurred either in the first, second, third or fourth trials, and the fees paid at each of said trials.

Defendant's exception was overruled, whereupon she filed a return to the rule, the same, after hearing, having been made absolute.

The overruling of the exception was error. Defendan't demand to have an itemized and detailed account of the costs expended by plaintiff is not only reasonable and equitable to the litigants, but when exacted, serves as a safe guard and bulwark against attacks that may be made by persons interested against the officers of the Court.

We have no doubt but that the amount claimed by plaintiff (less a small amount now conceded by plaintiff not to be due), is correct, but the party cast is entitled to know in detail, so far as it can be furnished by the successful litigant, the manner in which the costs in the suit were incurred.

It was asserted at the bar of this Court, and not denied, that

the Clerk's or Sheriff's docket was produced in the District Court, an dthat the learned judge presiding in that Court scrutinized it carefully. Had it been shown in this Court that the other items of costs in the case had been likewise examined, or were even susceptible of ready access to the defendant, we should not hesitate in denying the relief prayed for by her. There is, however, no showing made that the defendant was sufficiently informed as to detail of the costs, to which, under our view, she was certainly entitled.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment appealed from be set aside, avoided and reversed, and the cause is now remanded to be proceeded with in accordance with the views herein expressed, costs of appeal to be taxed against the plaintiff, those of the lower lower Court to await final judgment.

May 20, 1907.

Rehearing refused June 17, 1907.