No. 3306.

First Circuit Appeal.

NEMOURS COUSIN AND LEON J. COUSIN v. MRS. FRANCIS H. KENNER

---

(Jan. 21, 1925, Opinion and Decree.)
(Feb. 18, 1925, Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 370.**

The record shows a petition and order granting Mrs. Kenner an appeal, the order bears date August 10, 1923, and shows service on Leon J. Cousin through Lewis L. Morgan attorney on August 30, 1923, which is sufficient service and citation to answer the appeal.

2. **Louisiana Digest— Prescription — Par. 107.**

A plea of prescription of three years under Article 3538 of the Civil Code filed by defendant claiming bill for costs in a suit is prescribed, will not be maintained where the record shows the judgment was signed May 16, 1921, and was affirmed by the Court of Appeal, February 7, 1922, and rehearing refused March 6, 1922. Furthermore rules to tax costs was served on the defendant October 6, 1922, and on February 2, 1923. The judgment is good for ten years.

3. **Louisiana Digest—Estoppel—Par. 42; Pleading—Par. 125.**

Where the defendant contested the question of cost with the plaintiff represented by his attorney without objecting to the status of the plaintiff or attorney he thereby acquiesced to the capacity of the parties plaintiff in the motion.

4. **Louisiana Digest—Costs and Fees— Par. 6.**

Where one of two plaintiffs after judgment, but before the costs have been paid the surviving plaintiff is liable for all the costs of court under the law and therefore, he has the right to collect it all from the defendant when the defendant has been ordered to pay the costs.

5. **Louisiana Digest—Costs and Fees— Par. 42.**

In allowing costs of court only those items are allowed which have been proven. Therefore an itemized bill of costs filed by the sheriff but not sworn to, will be non-suited by the Court of Appeal.

Appeal from the Twenty-sixth Judicial District, Parish of St. Tammany, Hon. Prentiss B. Carter, Judge.

This appeal was taken by the defendant from a rule to fix and tax the costs filed by the plaintiff in the lower court.

There was judgment for plaintiff as prayed for, and defendant appealed. The judgment of the lower court was affirmed as

to the costs proven but non-suited as to costs not proven.

Morgan and Fredericks, of Covington, attorneys for plaintiff, appellee.

H. Kenner, of New Orleans, attorney for defendant, appellant.

ELLIOTT, J. Mrs. Francis H. Kenner, defendant and appellant was condemned to pay the cost in the above numbered and entitled cause in which Nemours Cousin and Leon J. Cousin were the plaintiffs and appellees.

After the judgment became final and was returned to the lower court for execution; the lower court on motion of Lewis L. Morgan attorney for plaintiffs granted an order against Mrs. Kenner, defendant, bearing date October 5, 1922, requiring her to show cause why the cost should not be fixed and taxed against her; which was served on October 6, 1922, but for some reason not explained by the record, but probably because Nemours Cousin departed this life before the rule was tried; nothing was done under it that we can see.

On January 29, 1923, the lower court on motion of Lewis L. Morgan, attorney for Leon J. Cousin, one of the plaintiffs in the above suit granted another order against her for the same purpose as before; which was served on February 2, 1923, and to which she responded on June 13, 1923, alleging that Nemours Cousin had departed this life on October 27, 1922, that he was one of the plaintiffs in the case in which she had been condemned to pay the cost, that his legal representatives were necessary parties to the rule and were not parties and prayed that proceedings be stayed until they were made parties.

The minutes of the proceedings in the lower court shows that this exception was overruled as soon as filed and that Mrs. Kenner then immediately further excepted, urging that the rule disclosed no cause or right of action against her. The minutes show that this exception was also immediately overruled and that the trial of the rule to fix and tax the cost proceeded forthwith. The record does not contain any answer to the rule; but the minutes state that the rule to fix cost heretofore filed came on to be heard and that the evidence was heard and the matter submitted to the court. The note of evidence taken in the matter shows that both parties Leon J. Cousin and Mrs. Kenner were represented by counsel in the taking of the evidence and that the question of cost under the rule was tried contradictorily and submitted to the court on June 13, 1923.

The lower court rendered judgment July 31, 1923, fixing the cost at $101.35 and taxed same against Mrs. Kenner as prayed for.

On August 10, 1923, Mrs. Kenner obtained from the Clerk of Court, the judge being absent, an order for an appeal from the judgment and on the same day gave bond with Hiddleston Kenner as surety. The appeal was filed in this court on April 11, 1923.

On October 8, 1923, Leon J. Cousin, appellee moved the lower court to decree that the surety on the bond was insufficient and invalid on the ground that the surety did not possess the property qualifications required by law, etc. We find no answer to the motion to set the bond aside; and the record contains no evidence on the subject; but the court rendered judgment holding that the surety did not possess property sufficient for the requirements of the law and set the bond aside; upon which Mrs. Kenner, evidently acting under the provisions of Act 112 of 1916, filed a new appeal bond with Mrs. W. O. Humphrey as surety on October 27, 1923.

We find in the record a motion by Leon J. Cousin, addressed to this court moving the dismissal of the appeal taken as above

stated, the motion states that there is no petition, order or citation of appeal. The motion bears no date; nor filing mark and according to the minutes of this court, there is no authority on the part of this court for its presence in the record; we therefore disregard the motion but even if it had been filed with the leave of this court, the result would be the same. The record shows a petition and order granting Mrs. Kenner an appeal, the order bears date August 10, 1923, and shows service on Leon J. Cousin through Lewis L. Morgan, attorney, on August 30, 1923, and which is sufficient service and citation to answer the appeal.

The appeal bond of October 27, 1923, is not attacked and under the broad provisions of Act 112 of 1916; it serves for the order granted by the Clerk of Court on August 10, 1923, and saves the appeal. It was sufficient to file it in the record and no authorization of the court was necessary on that account.

Mrs. Kenner has filed in this court a plea of prescription in which she urges that the cost claimed against her is prescribed and barred by the prescription of three years under the law C. C. Art. 3538.

The judgment in the possessory action in which Mrs. Kenner was condemned to pay the cost now claimed against her was signed by the district judge on May 16, 1921; the judgment was appealed to and affirmed by this court on February 7, 1922, and a rehearing refused March 6, 1922.

This judgment is good for ten years. Then again the rule to fix and tax cost was served on Mrs. Kenner, October 6, 1922, the next one on February 2, 1923. It is therefore apparent that the plea of prescription is untenable. Defendant and appellant contends in her brief that the rule sets forth no cause or right of action on the ground that it was granted to Lewis

L. Morgan personally. The order is entitled "Nemours Cousin and Leon J. Cousin" vs. Mrs. Francis H. Kenner, numbered 3306 and says "on motion of Lewis L. Morgan attorney for Leon J. Cousin, on the plaintiffs in the above entitled and numbered cause and on showing to the court that he has paid, etc." We are urged to notice the language "he has paid, etc."

The language refers to payments made by Leon J. Cousin and not by Lewis L. Morgan personally. In defendant's exception thereto filed June 13, 1923, she speaks of Nemours Cousin as being one of the plaintiffs claiming cost and of the "surviving joint plaintiff"; which can be none other than Leon J. Cousin; the plaintiff before the court. The minutes of the trial and the note of evidence shows that the question of cost was contested with Leon J. Cousin represented by Lewis L. Morgan, without objection on the subject of status. Defendant thereby acquiesced in the sufficiency of the motion. The authority cited by defendant as sustaining her position in regard to the above matter does not in our opinion make it necessary to reject plaintiffs' demand because of the form of the proceedure.

Defendant further contends in her brief that Leon J. Cousin can not proceed against her, unless joined by the legal representatives of Nemours Cousin, etc., citing Alling vs. Woodruff, 16 La. Ann. 6.

The case cited does not govern the present situation which is not like that in the case cited.

Leon J. Cousin is primarily liable, in solido, for all the cost under the law; therefore, he has a right to collect it all from the defendant. C. C. Art. 2087; Dunbar vs. Murphy, 11 La. Ann. 713 C. P. Arts. 157, 551; Crespo vs. Viola, 152 La. 1088, 95 South. 256.

On the merits of the case the evidence shows that the amount allowed by the lower

court under the item "Fees of Clerk of Court" covers and includes clerk's costs, stenographer's bill and fees of witnesses, all amounting to $74.65. The deputy clerk testifies that the amount is correct and there is nothing to the contrary. The item was therefore properly allowed. As for the sheriff's cost claimed to be $26.70 we are almost disposed to hold that this item is acquiesced in and consented to by the defendant as we do not find it contested in her brief.

However, all that the note of evidence shows on the subject is the following statement at the close of the trial.

"Counsel for plaintiff in rule offers and files in evidence in the case an itemized statement showing the sheriff's cost in the suit."

The minutes showing the close of the trial contains the following:

"The rule to fix cost heretofore filed in this case came on to be heard, the evidence was heard and the matter submitted to the court and taken under advisement; *itemized bill of cost to be filed by the sheriff."*

The transcript contains an unsworn bill of sheriff's cost for $28.70 filed June 13, 1923; but there is *no other evidence* in support of the sheriff's cost. We are therefore constrained to hold that the sheriff's cost is not sufficiently proved.

It is *therefore ordered, adjudged and decreed* that the judgment appealed from, is correct to the extent of $74.65 allowed as above stated; but it is ordered that the item $26.70 claimed as sheriff's cost be and the same is hereby disallowed as in case of non-suit.

As thus amended the judgment appealed from is affirmed, the appellee to pay the cost of this appeal.