## BREELAND v. KENNER et ux.*

### No. 16661.

Court of Appeal of Louisiana. Orleans.

May 31, 1937.

H. D. Kenner, of Lacombe, for appellants.

B. M. Goodman, of New Orleans, for appellee.

McCALEB, Judge.

The defendants in this case, Mr. and Mrs. H. D. Kenner, are owners of certain real estate in the city of New Orleans. In the early part of the year 1934, they made application to the Home Owners Loan Corporation for a loan on their property. Under the rules of the loan corporation, it was required that certain repairs, which it deemed necessary, be made to the property before the loan would be considered. The defendants assented and, according to routine procedure, bids were received and Reuben D. Breeland, a contractor, having submitted the lowest bid in the sum of $275, was awarded the contract. Thereafter, a mortgage was executed by the defendants to the loan corporation and, upon discovery by it that Breeland, the contractor, had not been paid for the repairs made to the property, it deducted the sum of $275 from the amount to be received by the defendants. This was done because the defendants disputed the right of Breeland to be paid the contract price for the work performed by him in repairing the mortgaged property. Later, Breeland brought suit in the First city court of New Orleans against the defendants for the recovery of $275, the contract price, which defendants had agreed to pay him for repairing their premises. His suit was maintained and judgment was accordingly entered against defendants for the sum of $275, together with legal interest and costs. On appeal to this court, the judgment of the First city court was affirmed. See 166 So. 677.

On May 20, 1936, after the judgment had become final, the Home Owners Loan Corporation paid Mr. Breeland the sum of $275, representing the contract price for the repair work done by him on the mortgaged property owned by the defendants, which amount had been withheld by it at the time the mortgage on defendants' property had been executed. At the time Mr. Breeland received the $275 from the

loan corporation, he gave it a receipt for that sum, which reads in part as follows:

"This will acknowledge the receipt from the HOLC for the amount of $275.00, being full and final settlement for repairs made by me in and to the premises and in consideration of the receipt of said sum I do now hereby waive any and all claims that I may have against the said Mrs. Frances A. Kenner, wife of Hiddleston Kenner, and Hiddleston Kenner (Home Owners), and the said described property."

Some time after this receipt was given, Mr. Breeland' died. His succession was opened in the Civil district court for the parish of Orleans and his widow, Mrs. Reuben D. Breeland, was appointed and qualified as administratrix of his estate.

On February 5, 1937, Mrs. Breeland appeared in the proceedings entitled "Reuben D. Breeland v. Mrs. Frances A. Kenner, wife of H. D. Kenner, et al.", No. 236—412 of the docket of the First city court, and ruled the defendants into court to show cause why the interest on the $275 judgment and the costs of court should not be taxed against them.

On return to this rule, the defendants resisted liability on numerous grounds, which will be hereinafter discussed. The judge, after hearing the evidence, made the rule absolute and the defendants have prosecuted this appeal from the adverse judgment.

The first point contended for by the defendants in this court is that the receipt given by Breeland to the Home Owners Loan Corporation, in full and final settlement for the ·repairs made by him to defendants' property, constituted a compromise of the judgment he had obtained against the defendants. In support of the proposition, they direct our attention to the cases of Three Rivers Oil Co. v. Laurence, 153 La. 224, 95 So. 652, and Dixie Mills Supply Co. v. Town of Homer, 6 La.App. 714. In both of the cited cases, it was held ' that, where a sum less than the claimed amount is received in full settlement of an obligation, it will be regarded by the courts as a final disposition or compromise of the rights of the parties. To the same effect, see Berger v. Quintero, 170 La. 37, 127 So. 356; Meyers v. Acme Homestead Ass'n, 18 La.App. 697, 138 So. 443; Davis-Wood Lumber Co. Inc., v. Farnsworth & Co., Inc., et al. (La.App.) 171 So. 622; Aronson v. Pailet (La.App.) 173 So. 545, decided on April 19, 1937,

holding that, where a dispute exists between a debtor and creditor as to whether a larger or smaller amount is due by one to the other, the acceptance by the creditor of a smaller sum in full settlement constitutes accord and satisfaction.

■ But compromise or accord and satisfaction may never be invoked in bar of a claim unless there exists a dispute between the' parties as to the amount due. Here, by judgment of the First city court (affirmed by this court on appeal) the defendants had been cast to pay to the plaintiff the sum of $275, together with interest and costs. The Home Owners Loan Corporation had in its possession $275 belonging to the defendants and it merely paid to the plaintiff that amount which it had withheld from the defendants in making. a loan to them, after the court had decreed that that sum was due and owing to the plaintiff. There was never any dispute or controversy between Breeland and the defendants after the finality of the judgment. .

■ We are therefore of the opinion that the receipt given by Breeland to the Home Owners Loan Corporation does not estop his widow from claiming the interest and costs awarded by the judgment in Breeland's favor, inasmuch as there was no controversy over the amount due by the defendants under it and hence no consideration for the giving of the receipt.

The defendants also. assert that they are not liable for the interest on the judgment because Article 2925 of the Civil Code provides that:

"The release of the principal, without any reserve as to interest, raises the presumption that it also has been paid, and operates a release of it."

It is said that, under the construction placed upon this article in the case of· Grennon v. New Orleans Public Service, Inc., 17 La.App. 700, 136 So. 309, the acceptance of the $275 by Breeland, without reservation, operated as a waiver of his right to claim interest, and that a conclusive legal presumption has been established which may not be rebutted.

■ In the Grennon Case, we were called upon to determine whether the acceptance of the payment of the principal amount of a judgment by a plaintiff, to whom judgment without interest was awarded, constituted a waiver of his right to subsequently claim the interest, where

he was ignorant of the existence of Act No. 206 of 1916 which created in his favor a legal right to interest on the judgment from judicial demand irrespective of whether or not the interest was awarded to him in the judgment. There, the basis for rebuttal of the legal presumption was an error of law. The defendant, invoking the presumption, relied upon article 2287 of the Civil Code, which provides:

"Legal presumption dispenses with all other proof, in favor of him for whom it exists.

"No proof is admitted against the presumption of the law, when, on the strength of that presumption, it annulls certain acts, or refuses a judicial action, unless it has reserved the contrary proof, and saving what will be said on the judicial confession."

In construing the foregoing article with article 2291 defining a judicial confession, we held that the legal presumption created by article 2925 could not be disregarded or defeated in case an error of law is shown.

But, in the case at bar, the plaintiff relies upon the judicial confession or admission of the defendants, made on trial of the rule, that the interest on the judgment has not been paid. Article 2291 of the Code, defining a judicial confession, reads:

"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.

"*It amounts to full proof against him who has made it.*

"It can not be divided against him.

"It can not be revoked, unless it be proved to have been made through an error in fact.

"It can not be revoked on a pretence of an error in law." (Italics ours.)

Here, Mr. Kenner, appearing in proprio persona, and as attorney in fact for his wife, admitted judicially, on the trial of

this rule, that the interest on the judgment has not been paid. This confession, in our opinion, places the case within the saving clause of article 2287, which provides that no proof is admitted against a legal presumption excepting those matters which are judicially admitted. For this reason, we hold that the legal presumption created by article 2925 has been rebutted and that the trial judge was correct in finding for plaintiff with respect to the interest due on the judgment.

The defendants also claim that the judge was in error in making the rule absolute, as to the costs allegedly incurred by plaintiff, because there was no proof exhibiting the correctness of the itemized bill for costs or that the amounts appearing thereon were expended by plaintiff. When the case was tried below, counsel for plaintiff merely offered an unsworn statement of the court costs, inclusive of sheriff fees, amounting in total to $32.75.

■ In Cousin v. Kenner, 1 La.App. 713, it was held that it was insufficient for a plaintiff, on a rule to tax costs, to offer an itemized statement showing costs incurred without sworn proof of its correctness. See, also, Globe Realty Co., Ltd., v. Cotonio, 4 Orleans App. 359. In the case at bar, there was no showing that the costs, detailed upon the statement submitted to the court, were correct, or that they were paid by the plaintiff. In view of this, we are compelled to dismiss plaintiff's rule as of nonsuit with respect to these charges.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from is correct to the extent of the interest allowed in the sum of $26.40; but it is ordered that the items claimed as costs, amounting in total to $32.75, be and the same are hereby disallowed as in the case of nonsuit.

As thus amended, the judgment appealed from is affirmed. The appellee to pay the cost of this appeal.

Amended and affirmed.