BOUTALL, Judge.
This is an appeal from a judgment rendered on a rule to tax court costs.
Plaintiff-appellant, Joseph Hardy, appearing individually and in his capacity as natural tutor of his minor son, David, instituted suit initially against defendants-ap-pellees, Robert Melich, Merlyn E. Sentilles, Sr., Travelers Indemnity Company, and *664 three others to obtain damages arising as a result of the personal injury of his son which occurred when the boy was struck by an automobile. The trial court rendered judgment in the matter in part as follows :
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Joseph Hardy, Individually, and against defendants, Robert Melich, Merlyn E. Sentilles, Sr., and The Travelers Indemnity Co., jointly and in solido in the full sum of One Thousand Six Hundred Ninety-Four and 50/100 ($1,694.50) Dollars, plus legal interest from date of judicial demand and for all costs.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Joseph Hardy, as the Natural Tutor of the Minor Child, David Hardy, and against defendants, Robert Melich, Merlyn E. Sen-tilles, Sr., and the Travelers Indemnity Co., jointly and in solido in the full sum of Four Thousand and No/100 ($4,000.-00) Dollars plus legal interest from date of judicial demand and for all costs.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of defendants, Julia B. Bye, Albert A. Bye and Lumbermen’s Mutual Casualty Company, and against the plaintiff, Joseph Hardy, rejecting his demands at his costs.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the expert testimony fees of Doctors Blaise Salatich, Richard W. Vincent, and Carl N. Wall be set at One Hundred and No/100 ($100.00) Dollars, said fees to be paid by defendants, Robert Melich, Mer-lyn E. Sentilles, Sr., and the Travelers Indemnity Company.”
This judgment was appealed to this court [See Hardy v. Bye, La.App., 207 So. 2d 198 (1968)] and an opinion rendered in which the following decree was given:
“The judgment of the district court in favor of Joseph Hardy individually and as natural tutor of the minor child, David Hardy and against Robert Melich, Merlyn E. Sentilles, Sr. and The Traveler’s Indemnity Company is hereby reversed. The cause is dismissed with costs of the appeal to be paid by plaintiff. In all other respects the judgment of the district court is affirmed.”
Thereafter, a rule to tax court costs was filed by Robert Melich, Merlyn E. Sen-tilles, Sr., and Travelers Indemnity Company in which movers sought to have plaintiff cast for reimbursement of four items of costs paid as costs of the appeal. The trial court rendered judgment in favor of movers in rule allowing these items to be taxed to plaintiff along with the costs of the present rule.
On the appeal from this judgment, it is conceded by appellee that claims for two items are abandoned and hence there are before us only the following items :
1. To Sidney Torres, Clerk of Court, 25th Judicial District. $403.60
2. To Melvin J. Keenan, Clerk of Court, Court of Appeal, 4th Circuit. 25.00
It goes without saying that the $25.00 filing fee paid to the Clerk of this Court is a cost of the appeal and counsel for appellant so concedes in his brief, R.S. 13:352. Although appellant contends payment of this item was not proved, we are satisfied that, since the appeal was lodged in this Court, the filing fee was paid. Therefore we need concern ourselves only with the sum allegedly paid to the Clerk of Court in the trial Court.
According to our previous judgment the plaintiff is responsible for costs of the appeal only. That judgment has become final and executory. C.C.P. art. 2167. The inquiry thus becomes simply a matter of determining whether the sum paid the trial *665 Clerk of Court is for appellate costs or other costs.
On the trial of the rule it was stated that the proof is in the record of the case as to the costs and in the Clerk’s office as to the payment. However, the record on this appeal was designated and contains only certain portions of the entire record. We are unable to tell from the record before us the basis of the charges made and that appellee paid them.
We are cognizant of the case of Breeland v. Kenner, 174 So. 678 (Orls.La.App.1937) wherein we held that it is insufficient for mover in rule to offer an itemized statement showing costs incurred, and we dismissed as of nonsuit. However in the present case it would appear that the record was offered on trial which would have perhaps proven the items of cost questioned, but the entire record was not brought up on appeal. Under these different circumstances we do not feel compelled to nonsuit this portion of mover’s rule because we may be thereby doing an injustice. We believe it fairer to remand the matter to afford the parties an opportunity to support their positions by some competent evidence. See for example Martin v. Garlotte, 245 So.2d 517 (La.App. 1st Cir., 1970). It will be necessary that the Clerk’s charges be itemized to determine which are appellate costs, trial costs or other charges perhaps not taxable as costs (C.C.P. art. 2126, 2127; R.S. 13:4445; R.S. 13:841). It will also be necessary to determine which costs were paid by mover, since plaintiffs claim to have paid some items.
Accordingly, the judgment appealed is affirmed as to the $25.00 paid to the Clerk of this Court, and set aside as to the $403.-60 paid to the clerk of the trial Court, and remanded for further proceedings in accordance with our opinion expressed herein. Costs of this appeal are to be borne by appellees. Costs of the rule to tax in the trial Court are to await final disposition therein.
Affirmed in part; remanded in part.