SANDRA CABRINA JENKINS, Judge.
| í Plaintiff and Appellant, Johnette Martin (“Martin”), appeals the Judgment of the St. Bernard Parish District Court or *58 dering her to pay $1,997.87 in costs to the prevailing party, Defendant and Appellee, Lynn Dean (“Dean”), in his individual capacity.[1] Martin raises six discrete assignments of error to the trial court’s judgment taxing costs against her, variously challenging the allocation of a $615 transcript fee; the allocation of allegedly dupli-cative costs associated with a missed deposition; the allocation of costs associated with Dean’s unsuccessful Exception for No Cause of Action; the allocation of miscellaneous costs that Martin attributes to clerical error; and the allocation of other costs that she contends the trial court was not empowered to tax by statute. Finding no abuse of discretion, we affirm.
BACKGROUND
The underlying facts of this case are largely irrelevant to the instant appeal. It is enough to know that Martin filed suit against the St. Bernard Parish 12Government, Dean in his capacity as then-Parish President, and Dean in his individual' capacity, alleging employment discrimination and other tortious conduct by the defendants. In fall 2011, Dean filed a motion for summary judgment. After an October 21, 2011 hearing on the motion, the trial court requested briefing regarding a novel theory Martin raised at the argument. The court further requested that both parties file their post-hearing briefs on the same day, expressly foreclosing any opportunity for either party to respond to the other. It granted summary judgment to Dean on December 29, 2011. Dean then filed for a rule to tax costs and for award of attorney’s fees.
The trial court held a contradictory hearing on Dean’s rule on costs and fees on November 30, 2012. The court repeatedly stated that the nature of the hearing was to address the legitimacy of the costs and fees sought, not quantum. Martin exclusively contested the legitimacy of $615 Dean claimed in connection with his purchase of the October 21 motion for summary judgment transcript, which she argued was not a taxable cost under applicable statutory and decisional authority.
On February 8, 2013, the trial court denied Dean’s rule as it related to attorney’s fees, but granted his request for costs in the amount of $1,997.37. In its accompanying Reasons for Judgment, the trial court identified the costs to be taxed against Martin as follows:
—$1,248.00 in costs directly paid to the Clerk’s Office;
$615.00 in costs for a transcript of the October 21, 2011 summary judgment hearing;
[3 — $128.47 in copy costs; and
—$5.90 in costs to obtain copies of Times-Picayune articles related to Dean’s summary judgment motion.
Martin timely appealed the judgment taxing costs against her.
DISCUSSION
“A trial court has great discretion in awarding costs ... and can only be reversed on appeal upon a showing of an abuse of that discretion.” Hendrix v. Maison Orleans I, L.L.C., 11-1349, p. 16 (La.App. 4 Cir. 9/26/12), 101 So.3d 1013, 1023, reh’g denied (10/24/12), writ denied,, 12-2426 (La.1/11/13), 107 So.3d 616 (quoting Watters v. Dep’t of Soc. Services, 08-0977, p. 49 (La.App. 4 Cir. 6/17/09), 15 So.3d 1128, 1162) (internal citations omitted). This discretion is not boundless, *59 however. Both Louisiana Code of Civil Procedure article 1920 and Revised Statutes (R.S.) 13:4533 regulate the allocation of costs.
Article 1920 states that “[ejxcept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” La. C.C.P. art. 1920. This equitable power to allocate costs is limited to costs that positive law identifies as taxable. Hendrix, 11-1349, p. 16, 101 So.3d at 1024 (quoting Watters, 08-0977, p. 50, 15 So.3d at 1162) (internal citations omitted). Taxable costs are defined narrowly by R.S. 13:4533 to include “costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court[.]” La. R.S. 13:4355.
These rules guide our analysis of the trial court’s allocation of costs.
|4I: The trial court did not abuse its discretion in taxing the cost of the transcript used by Dean.
Martin contends that the trial court improperly taxed $615 in costs for a court reporter’s transcript ordered by Dean following their October 2011 summary judgment hearing. Martin asserts that the transcript was unnecessary for post-hearing briefing requested by the trial court and that she should not be charged with the cost of obtaining the document because it was not used by Dean “on the trial” of a matter within the meaning of R.S. 13:4533. Martin’s contention lacks merit.
R.S. 13:4533 states that the trial court shall tax, among other things, “costs of taking depositions and copiés of acts used on the trial [.]” La. R.S. 13:4533 (emphasis and amendments added). Generally, the statute’s “on the trial” clause has been read to mean that a transcript is taxable only if offered into evidence. See Watters, 08-0977, p. 50, 15 So.3d at 1162 (citing Succession of Franz, 242 La. 875, 139 So.2d 216, 219 (1962)); Lacy v. ABC Ins. Co., 97-1182, (La.App. 4 Cir. 4/1/98), 712 So.2d 189, 196-97; Kommer v. Assenheimer, 174 So.2d 197, 198 (La.App. 4 Cir.1965) (citing Beattie v. Dimitry, 168 La. 81, 121 So. 581, 582-83 (1929)); see also Moran v. Harris, 93-2227, p. 1 (La.App. 1 Cir. 11/10/94), 645 So.2d 1248, 1250. However, this Court has recognized that costs “necessary to bring [a] case to trial,” though not expressly offered into evidence, are within the trial court’s discretion to tax. See Tipton v. Campbell, 08-0139, p. 27 (La.App. 4 Cir. 9/24/08), 996 So.2d 27, 45.
|sHere, Dean concedes that the transcript was neither cited by his post-hearing motion nor introduced into evidence as an attachment to that motion. The trial court likewise noted that the transcript was not offered in evidence, but nevertheless taxed the document’s cost against Martin, noting that it was “used on trial for Mr. Dean to address and/or defend Ms. Martin’s claims.” In light of the particular facts of this case, we agree with the trial court that Dean’s consultation with the hearing transcript was sufficient to render it a taxable cost.
In its reasons for judgment, the trial court acknowledged the complexity and duration of this case. The court also emphasized Dean’s need to rely on the transcript in order to defend his position. It is important to our reasoning that the Martin did not cite to any case law when she raised her new theory-for the first time at the summary judgment hearing. This means that Dean did not have any case authority to guide his post-hearing response to Martin. It is .equally important to us that the trial court ordered supplemental briefing that did not afford Dean a chance to review and reply to Martin’s *60 argument in its final form. Because of these circumstances, it was necessary for Dean to consult the summary judgment hearing transcript for the sake of disposing of the case on the merits. On these narrow facts, we hold that the transcript was “used on the trial” within the meaning of R.S. 13:4533. To conclude otherwise would run counter to equity and the considerable discretion of the trial court.
Therefore, we find no abuse of discretion in the trial court taxing Martin with $615 for the cost of the summary judgment transcript.
| fiII: Transcript costs were adequately itemized and otherwise supported by evidence in the record.
Martin further contends that the trial court erred in taxing costs of the summary judgment hearing transcript because Dean did not furnish adequate evidence of its cost. Martin argues that neither the cost summary nor the sworn affidavit furnished by Dean in connection with his rule to tax costs sufficiently un-dergird the allocation of transcript costs to her. Taken to its logical extent, Martin’s contention calls into question all of the costs taxed against her since they too are supported only by the cost summary and sworn affidavit submitted by Dean. Martin’s contention lacks merit.
In Hardy v. Bye, this Court heard an appeal arising from a personal injury action in which the defendants challenged the costs awarded by the trial court. Id., 280 So.2d 663, 664-65 (La.App. 4 Cir.1973). We noted that proof of the challenged costs was contained in the record of the trial and further noted that “the record was offered on the trial which would have perhaps proved the items of cost questioned, but the entire record was not brought up on appeal.” Id. at 665. We remanded the issue to afford the parties a chance to support their claims with evidence, noting it would also be “necessary” to itemize charges such that it could be determined which charges were taxable and which were not. Id.
The cases on which Martin relies likewise support the notion that costs must be itemized and supported by competent evidence. Breeland v. Kenner, for example, held that an itemized bill for costs was insufficient to support an allocation of costs when it was not accompanied by a sworn affidavit attesting to [7the costs claimed. Id., 174 So. 678, 680 (La.Ct.App.1937). Globe Realty Co. v. Cotonio also demanded that a rule to tax costs must be supported by an itemized bill rather than a claim in the aggregate. Id., 4 Teiss. 359, 361 (La.Ct.App.1907).
Applying the requirements of Hardy, Breeland, and Contonio to the ease at bar, we see no evidence that the trial court erred in its allocation of costs. The trial court was supplied with a rule to tax costs supported by an itemized list of costs. Dean also supplied the court with a sworn affidavit attesting to the costs claimed, thereby supporting his claims with competent evidence. Dean’s actions, thus, satisfied the itemization and evidence requirements set forth by Hardy. See Hardy, 280 So.2d at 665. Moreover, the trial court did not allocate costs until this information was received into evidence. On these facts, we conclude that the trial court did not err in the exercise of its discretion in taxing the transcript’s costs to Martin.
Ill: Martin fails to demonstrate on the record that the trial court taxed her twice for certain costs.
Martin contends that the trial court’s allocation of costs duplicates costs that it previously ordered her to pay in connection with her failure to appear at a scheduled deposition. Specifically, Martin *61 contends that $280 which she was ordered to pay in connection with her failure to appear at a scheduled deposition on January 19, 2012, also forms part of-the total amount taxed against Martin by the February 8, 2013 judgment. While we agree that duplicative . costs — costs taxed more than once — constitute an impermissible abuse of discretion, we find no indication of duplicative costs on this record.
| RIt is the appellant’s burden to demonstrate trial court error within the record on appeal. See Keaty v. Raspanti, 03-1080 (La.App. 4 Cir. 2/4/04), 866 So.2d 1045, 1055, writ denied, 04-0941 (La.6/18/04), 876 So.2d 806 and writ denied, 04-0947 (La.6/18/04), 876 So.2d 807. Martin has not pointed this Court to any evidence that the $280 charged to Martin in January 2012 forms a portion of the costs taxed of her in February 2013. Martin appears to merely assume that the $1,997.37 assessed to her by the clerk’s record of costs includes the $280 in contention. Additionally, our review of the record, including the clerk’s ledger, found nothing to convince us that a duplication of costs has occurred. Consequently, we find that this assignment of error lacks merit.
IV: The trial court did not abuse its discretion by refusing to reduce costs charged to Martin by the amount associated with Dean’s unsuccessful Exception of No Cause of Action.
Martin contends that because she overcame Dean’s Exception of No Cause of Action, the trial court abused its discretion in awarding Dean costs associated with the exception’s unsuccessful prosecution. Martin’s contention lacks merit.
As a general rule, the party cast by the judgment bears all costs, including its own and those of the prevailing party. See Clarkston v. Louisiana Farm Bureau Cas. Ins. Co., 07-0158, p. 40 (La.App. 4 Cir. 7/2/08), 989 So.2d 164, 191, writ denied, 08-1768 (La.10/31/08), 994 So.2d 539 (citing Bowman v. New Orleans Pub. Serv., Inc., 410 So.2d 270, 271 (La.App. 4 Cir.1982)). This rule is subject to the exercise of the trial court’s discretion to deviate from it as equity may require. Id., 07-0158, p. 40, 989 So.2d at 191. Moreover, allocating costs against a | ^prevailing party is considered an abuse of discretion absent proof that the prevailing party incurred costs pointlessly or engaged in other conduct that justified the allocation. Amato v. Office of Louisiana Com’r of Sec., 94-0082, p. 12 (La.App. 4 Cir. 10/3/94), 644 So.2d 412, 419, unit denied, 94-3024 (La.2/3/95), 649 So.2d 410 (citing Flair v. Bd. of Comm’rs of Orleans Levee Bd., 411 So.2d 614, 618 (La.App. 4 Cir.1982)); Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112, 1116 (La.App. 1 Cir.1990), writ denied, 575 So.2d 394 (La.1991).
Here, Dean is the prevailing party by virtue of the judgment in his favor. We find no abuse of discretion in the trial court awarding him costs in keeping with the general rule that all costs are borne by the party cast. Nothing in the record compels a different result. We, therefore, find no abuse of discretion in the trial court’s allocation of costs associated with Dean’s unsuccessful exception.
V: Martin has waived any claim that certain clerical errors should not be taxed against her.
Martin contends that the costs taxed against her bythe trial court’s judgment include amounts, attributable to errors by the clerk df court for which she should not be charged. Specifically, Martin points to two attorneys who served as counsel for St. Bernard Parish, both of whom Martin alleges to have withdrawn *62 from the case years ago, but whom the clerk of court continued to serve with process through the end of the case. Dean contends that this claim is waived and we agree.
Revised Statute 13:4534 provides, in part, that “[n]o clerk of a court may charge for the issuance of any ... process of the court which is invalid as the result | inof an error or omission of the clerk, a deputy clerk, or other employee of the clerk in the drafting or issuance thereof.” La. R.S. 13:4534.
We note that Martin had the opportunity to dispute the legitimacy of any item to be taxed against her at the November 30, 2012 hearing on costs. Her failure to raise the legitimacy of these charges (even if not their quantum) in the trial court, waives the issue.
Waiver, notwithstanding, there is no evidence in the record to support Martin’s claim that these attorneys no longer represent St. Bernard Parish, nor to establish when each withdrew (assuming that they have withdrawn). Given the state of the appellate record, it would impossible to accord Martin the coordinate reduction in costs that she seeks even if the issue were properly preserved on appeal. We find this assignment of error to be meritless.
VI: Martin Waived Claims to the Legitimacy of Other Costs Taxed Against her by Failing to Raise Them in the Trial Court
Martin claims that the trial court improperly taxed costs against her for calls made by Dean’s counsel to the clerk of court ($5.00 per call), as well as copies, and “miscellaneous” items not specifically identified by her on appeal. Dean argues that Martin waived these claims by failing to raise them in the trial court. We agree with Dean that Martin has waived these claims.
This Court recognizes that certain court costs are not taxable because they are outside the scope of R.S. 13:4533. See, e.g., Watters, 08-0977, p. 51, 15 So.3d at 1162-63 (quoting Boleware v. City of Bogalusa, 01-1014, p. 9 (La.App. 1 Cir. 12/20/02), 837 So.2d 71, 77-78 n. 12 (internal citations omitted)). Included among |nthese are “duplication costs of various documents and medical reports not used on the trial, postage and telephone charges[.]” Id., 08-0977, p. 51, 15 So.3d at 1162-63 (quoting Boleware, 01-1014, p. 9, 837 So.2d at 77-78 n. 12) (amendment added); see also Degruise v. Houma Courier Newspaper Corp., 00-0229, p. 9 (La.App. 1 Cir. 3/28/02), 815 So.2d 1074, 1081 writ denied, 02-1202 (La.6/21/02), 819 So.2d 342 and writ denied, 02-1179 (La.6/21/02), 819 So.2d 345.
Martin concedes that she did not challenge any of the above-mentioned costs in the trial court despite the record reflecting that the legitimacy of claims costs was the express purpose of the November 30, 2012 hearing. This constitutes waiver of the issue.
We hold that Martin’s challenge to “miscellaneous” items taxed against her as court costs is waived.
CONCLUSION
For the reasons stated above, we find no error in the trial court’s exercise of its discretion. Therefore, we affirm the judgment to tax costs against Martin in the amount of $1,997.37.
AFFIRMED.

. Lynn Dean remains a party below in his official capacity as former president of the St. Bernard Parish Government. Unless otherwise stated, all references to Dean refer to him in his individual capacity only.