PAUL A. BONIN, Judge.
11 Leon J. Gibert Jr., a property tax debt- or, obtained a conditional judgment of absolute nullity with respect to the tax sale of property owned by him. But he appeals the judgment rendered against him and in favor of Cititax Group, L.L.C., the tax sale purchaser, for reimbursement of the price and taxes paid with interest and costs because he disputes the amount calculated in the judgment as owing as well as the stipulation that he must pay the reimbursement within one year or incur the dismissal with prejudice of his action to annul the tax sale.
Our review of the insufficiently-detailed affidavit filed by Cititax in support of the judgment as well as the judgment rendered, which deviates from the calculation of the reimbursement claimed in the affidavit, convinces us. that the trial judge abused her discretion in awarding the costs as calculated in the judgment because she erroneously applied the- law. Accordingly, we vacate the judgment and remand for further proceedings.
Notably, we do not reach the issues, insufficiently raised in Mr. Gibert’s brief, that Cititax must be reimbursed within one year or Mr. Gibert- will incur the ^dismissal with prejudice of his nullity action or that the trial judge erred in awarding compensation to Cititax for amounts it claims to have paid the City for taxes due bn tax years preceding the: tax sale. See Rule 2-12.4 B(4), Uniform Rules — Courts of Appeal.
We give a more detailed explanation of our decision below.
I
We begin our explanation with a brief history of the course of this litigation.
Mr..Gibert was the owner of immovable property on Iberville Street in the City of New Orleans. He. failed to pay the ad valorem -taxes due on the property for the tax years 2000 and 2Q01.. The property was included in the November 2002 sales of property for delinquent taxes. Cititax was the winning bidder and obtained a tax sale deed from the City, which was registered in the conveyance records. •
In 2010 Cititax: filed suit to quiet title. In a separate suit, Mr. Gibert sued to annul the tax sale. The two proceedings were consolidated. The trial judge rendered judgment against -Mr. Gibert dismissing his nullity action and in favor of Cititax quieting the title. On Mr. Gibert’s appeal, we.reversed the trial judge and ruled (for reasons not here germane) that the tax sale was a nullity. See Cititax Group, L.L.C. v. Gibert, 12-0633, 12-634 (La.App. 4 Cir. 12/19/12), 108 So.3d 229.
Returning to the trial court and relying upon Article VII, Section 25(C) of the Louisiana Constitution, Cititax filed a motion *628 seeking reimbursement of its costs. Citi-tax filed an affidavit which purported to itemize its claim for reimbursement. But, when the parties appeared for the hearing on the motion, the trial judge decided that in light of our ruling that the tax sale was an absolute | ¡¡nullity Mr. Gibert could not be required to pay any interest to Cititax.[1] On Cititax’s application, we exercised our supervisory jurisdiction, granted the writ application, and, by a divided five-judge panel,, reversed the judgment in part. See Cititax Group, L.L.C. v. Gibert, 13-1637, p. 3 (La.App. 4 Cir. 5/7/14), unpub. We there decided that a judgment of absolute nullity of a tax sale is contingent upon reimbursement of the interest due on the price and taxes paid. Id.
Upon returning to the trial court, Mr. Gibert filed a petition for declaratory and injunctive relief, naming the Attorney General and Cititax as defendants. He seeks a judgment declaring the provision of Article VII, Section 25 of the Louisiana Constitution which requires payment of interest to the purchaser of an annulled tax sale unconstitutional as a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The trial judge has not yet ruled ón Mr. Gibert’s request for the issuance of a preliminary injunction much less on the merits ofthe petition.[2]
But the trial- judge conducted a show-cause hearing on Cititax’s outstanding motion for costs, ruling: 1) in favor of Mr. Gibert, declaring absolutely null both the tax sale to Cititax ás well as the recorded tax sale deed; and 2) in favor of Cititax, ordering Mr. Gibert to pay it $44,234.83 in accordance with Article VII, Section 25(C) of the Louisiana Constitution. The judgment also provides that the declaration of nullity will only become effective, and that the cancellation and removal of the tax sale deed from the public records will only take place, after Mr. Gibert pays Cititax $44,234.83. And the judgment decrees that, in accordance with La. R.S. 47:2291 C, if Mr. Gibert fails to pay Cititax the full amount within one year then the declaration of nullity will be vacated, Mr. Gibert’s demand to annul the tax sale will be dismissed with prejudice, and a judgment confirming the tax sale will be rendered in Cititax’s favor. It is from this judgment that Mr. Gibert devolutively appeals.
II
In this Part we address Mr. Gibert’s challenge to the calculation of the award of the price and taxes paid with interest and costs.
A
A trial court’s award of costs is subject to -an abuse-of-discretion standard. See In Re Certain St. Bernard Parish Government Computer Disks c/w Martin v. St. Bernard Parish Government, 13-1054, p. 3 (La.App. 4 Cir. 12/18/13), 130 So.3d 56, 58. Thus, we would ordinarily be highly deferential to the trial judge’s findings, and conclusions. But the trial judge’s discretion in such matter is not “boundless.” Id., 13-1054, p. 3, 130 So.3d at 58. And a trial judge necessarily abuses her discretion if her decision is based on an erroneous interpretation or application of law. See Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-1072 (La.1983). And, because questions of law are reviewed de *629 novo by us, that is without any deference to the trial judge’s view of the law, we decide whether the trial judge’s application of the law was correct or incorrect. See Goodrich Petroleum Co., LLC v. MRC Energy Co., 13-1435, p. 13 (La.App. 4 Cir. 4/16/14), 137 So.3d 200, 207.
|fiIn this case, Article VII, Section 25(C), the basis for an award, specifically limits the award. “No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the purchaser”. La. Const. art. VII, § 25(C).[3] See also Mooring Tax Asset Grp., L.L.C. v. James 14-0109, p. 7 (La.12/9/14), 156 So.3d 1143, 1148 (“provision specifically dictates that the judgment of nullity cannot be effective until the tax purchaser is reimbursed taxes, costs and interest”).
And, importantly for our purposes, our jurisprudence of long duration provides that a party’s request for costs must be itemized and supported by competent evidence. See In Re Certain St. Bernard Parish Government Computer Disks, 13-1054, p. 6, 130 So.3d at 60. In Globe Realty Co. v. Cotonio, for example, the court concluded that a rule to tax costs must be supported by an itemized bill instead of a claim in the aggregate. 4 Teiss. 359, 361 (La.Ct.App.1907). In Breeland v. Kenner, the court held that an itemized bill for costs was insufficient to support an allocation of costs when it was not accompanied by a sworn affidavit. 174 So. 678, 680 (La.Ct.App.1937).
1 (/Therefore, as a matter of law, a judgment awarding interest may only provide for the ten percent per annum interest on the price and taxes paid from the respective ‘dates of payment. And1 the tax purchaser must itemize in his affidavit, subject to traversal, the specific date that purchase price was paid and the specific dates thereafter on which any other taxes may have been paid.
B
We turn now to the specific affidavit upon which Cititax relied to support the judgment.
In Cititax’s first affidavit Special Asset Manager, David' Grishman, itemizes the property’s purchase price at $3,571.20 on November 18, 2002. He also asserts that Cititax paid taxes on the property totaling $14,597.55 for “prior year and subsequent tax years.” The affidavit, however, does not set out the amount of taxes paid for each tax year, but instead provides an aggregate sum. Moreover, it does not set forth the respective payment dates for any of the subsequent tax year payments. ‘
*630 Mr. Grishman then claims that costs as well as interest on the purchase price and taxes paid totals $19,307.33. He does not, however, itemize or otherwise detail or substantiate this figure by specifying the amount of interest due on the various tax payments from the date each payment was made. And he does not delineate the portion of this figure which is attributable to costs and which is attributable to interest. Mr. Grishman concludes his affidavit by stating that the “total amount due to Mooring Tax Asset Group V, L.L.C. pursuant to La. Const. article 7 § 25(C) thru January 31, 2013 is $37,476.08.” (Emphasis added.)
|7In Cititax’s second affidavit, Donald Rulh avers that he performed cleanup and remediation work on the property, attaches an invoice that describes the work, and itemizes his charge at $2,263.40.
The combined figures from Cititax’s two affidavits total $39,739.48. Notably, this figure is greatly at variance with the $44,234.83 that was subsequently awarded to Cititax by the trial judge. The record indicates that the difference between the two figures—$4,495.35—is supposed to represent additional interest which had accrued since the date of Mr. Crrishman’s original affidavit. The record contains a post-hearing ex parte email from counsel for Cititax to the trial judge’s law clerk explaining his method of calculation:
The amount due as of 1-31-2013, per the original affidavit submitted into evidence, was $37,476.08. Interest continues to run at 10% per annum, per La. Const. Article VII Sec. 25(C) until paid. To bring the amount due current as of the end of November 2014 I added 22 months of interest. 10% per annum is @ .00833 per month. Multiplied by 22 months is 18.326%, multiplied by the $37,476,08 equals $6,867.86 of additional interest. When added to the $37,476.08 equals $44,334.83 (I didn’t have my glasses at the hearing so I think I said 234 instead of 334, but will stick with what was stated at the hearing).
The additional interest figure proffered ex parte by Cititax, therefore, is not equivalent to the difference between the amount it originally claimed as costs and the amount actually awarded by the trial court. And the calculation method used by Cititax to arrive at this additional interest figure clearly results in compounded interest as well as an award of the ten percent interest on costs, which interest award is not authorized by the constitution.[4]
C
We now review the November 7, 2014 judgment. We note initially that there is no indication that either party formally introduced evidence into the record at the November 7, 2014 hearing in either support, or contravention, of Citi-tax’s request for costs. We, likewise, have no transcript of the November 7, 2014 proceedings before the trial judge. Rather, it appears that Cititax relied upon two sworn affidavits of costs which it filed in connection with its Motion for Judgment.
Here the judgment is supported by nothing save two affidavits, one of which— Mr. Grishman’s—is clearly insufficient to support the judgment. Mr. Grishman’s affidavit improperly asks in.the aggregate for subsequent and prior taxes, costs, and interests. The affidavit does-not itemize the amounts paid by Cititax for subsequent ad valorem tax payments. Neither does it delineate or document the costs that Cititax incurred. The affidavit fur *631 ther provides a combined figure for costs and interest. Article VII, Section 25(C) of the Constitution states plainly that interest is to run solely upon the amount of the price and taxes paid. There is, therefore, no way to ascertain from the affidavit how much of the claimed $19,307.33 is attributable to costs and how much is attributable to interest on the price and taxes paid. Additionally, we note that the affidavit requests compensation for Mooring Tax Asset Group V, L.L.C., which has never been a party to these proceedings, instead of Cititax. The’ record does not reveal whether Mooring Tax’s presence in the affidavit is intentional or a ^typographic error. Regardless, the affidavit does not provide sufficient grounds to support the subsequent judgment.
The affidavit also fails to set out the method by which the request for interest was calculated. That is, in spite of Article VII, Section 25(C)’s stricture that interest is to be calculated “on the amount of the price and taxes paid from date of respective payments are paid,” the affidavit claims entitlement to a single lump sum of interest that is untethered to the dates of the respective tax payments. Mr. Grish-man’s affidavit, accordingly, is insufficient to support the trial judge’s award of taxes, costs, and interest to Cititax. The trial court erred in relying upon the affidavit.
We further conclude that the trial judge committed legal error in her award of additional interest over and above that claimed by Mr. Grishman in his affidavit. The ex parte email from Cititax’s attorney, which was neither attached to the motion for judgment nor submitted into evidence, shows that the award of additional interest was calculated upon an aggregate figure— the entire amount claimed by Mr. Grish-man — instead of the method specified by the Constitution. Cititax’s method of calculation, moreover, results in an award of compound interest, which likewise violates Article VII, Section 25(C). The November 7, 2014 judgment is clearly without eviden-tiary support and premised upon a legally erroneous method of calculating interest. The trial judge, thus, abused her discretion in awarding $44, 234.83, with ten percent interest per annum from date of the judgment.
III
When a court of appeal finds that a trial court committed a reversible error of law or a manifest error of fact, we must (if we can) ascertain the facts de novo from the record and render a judgment on the merits. See LeBlanc v. Stevenson, 00-0157, p. 3 (La.10/17/00), 770 So.2d 766, 770. Here, we find such a task impossible given the state of the record and its lack either of competent evidence or detailed supporting affidavits. We simply cannot separate the-amounts claimed by Cititax as costs from the amount it claims as interest. Likewise, we cannot calculate an award of interest because no evidence was introduced prior .to judgment that fixes the dates dr amounts of Cititax’s respective tax payments.
Because we are unable to ascertain the necessary facts from the record in its current state, we necessarily vacate the judgment of November 7, 2014, and remand the matter to' the district court for proceedings to’ properly determine the reimbursement due to Cititax.
IV
Before concluding our explanation, however, we turn how to briefly acknowledge those remaining assignments of error which Mr. Gibert properly briefed. Mr. Gibert, as noted, argues that the trial judge erred by failing to hold a hearing on his petition for declaratory and injunctive relief prior to ruling on Cititax’s motion for *632 judgment.- He also claims that the trial judge improperly denied him an opportunity to traverse Cititax’s affidavit of costs. Because we are vacating the November 7, 2014 judgment and remanding this matter to the trial | n court, we need not rule on these issues at this time. Upon remand, the trial judge, in conjunction with the parties, can schedule the respective hearings as she deems appropriate. Likewise, Mr. Gibert will have an opportunity to challenge Cititax’s request for costs at the proper time. Campare, La. R.S. 47:2291 (which establishes a procedure for taxing costs in an annulment action),.,with La. C.C.P. art. 2414 (which allows a creditor to traverse a garnishee’s answer to the creditor’s garnishment petition), La. C.C.P. arts. 3135-3137 (which sets out a framework by which any interested person, may traverse an inventory of succession property), and La. R.S. 9:2801 (which sets out the procedure for the judicial partitioning of community property and the method by which one former spouse is to traverse the claims of the other). Article VII, Section 25(C) does not establish the procedure for determining, the reimbursement due and, accordingly, the trial judge may use her discretion to direct the manner in which the parties are to proceed in presenting their claims or objections.
And, finally, we specially note that we have not expressed any view about whether the provision in .the November 7, 2014 judgment which, in reliance upon La. R.S. 47:2291 C,[5] incorporated the one-year deadline within which Mr. Gibert must make full reimbursement to Cititax or incur dismissal with prejudice of his nullity action. Similarly, we have not expressed any view about whether the trial h ¿judge erred in awarding compensation to Cititax for amounts it claims to have paid the City for taxes due on tax years preceding the tax sale. See Rule 2-12.4 B(4), Uniform Rules—Courts of Appeal.
DECREE
The trial court’s judgment rendered on November 7, 2014 is vacated. We remand this matter to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED

. The trial judge’s decision was dated November 13, 2013, and she did not have the benefit . of the Supreme Court’s subsequent decision in Mooring Tax Asset Grp., L.L.C. v. James, 14-0109 (La.12/9/14), 156 So.3d 1143.

. From the record before us, it is clear that Mr. Gibert had not placed this matter in a proper procedural posture in order to obtain any ruling thereon from the trial judge.

. Louisiana Constitution Article VII, Section 25(C) reads in its entirety:
Annulment. No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given, The fact that taxes were paid on a part of the property sold prior to the sale thereof, or that a part of the property was not subject to taxation, shall not be cause for annulling the sale of any part thereof on which the taxes for which it was sold were due and unpaid. No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the purchaser; however, this shall not apply to sales annulled because the taxes were paid prior to the date of sale.

. In light of the calculations set out in the ex parte communication, it does not appear that Cititax was compensated for Mr. Rulh’s charges.

. Although neither party has raised the matter, we note at the outset that La. R.S. 47:2290 and La. R.S. 47:2291 were both enacted into law as part of a comprehensive overhaul of ad valorem tax statutes with an effective date of January 1, 2009 — long after the 2003 tax sale to Cititax. The official comments to both sections indicate that these provisions are new. Our examination of the pre-amendment tax provisions has revealed no analogous pre-enactment statutes.